[Crim. No. 835.   Fourth Dist.   Sept. 14, 1951.]

THE PEOPLE, Respondent, v. GENE GRIFFIN, Appellant.

Burum, Young & Woolridge for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

MUSSELL, J.—Appellant was found guilty by a jury of an attempt to commit rape in that on December 26, 1950, he aided and abetted one Richard Chaney in the commission of an assault with intent to commit rape upon the person of one Erma Kennedy. A verdict of not guilty was returned as to counts one and two of the information, which charged rape by force and violence. A motion for a new trial was made and denied, and after the denial of his application for probation, appellant was committed to the California Youth Authority.

No issue is raised as to the sufficiency of the evidence to sustain the conviction. However, a brief statement of the pertinent facts is necessary in view of the other questions presented.

On the evening of December 25, 1950, the prosecutrix,

Erma Lee Kennedy, aged 16, attended a dance in Tulare County with her friend Edna Rowland. The girls had planned to stay at Edna's house after the dance. Leon McPhettridge and Richard Chaney, young men named in the information with appellant Gene Griffin, also attended the dance. Griffin danced with the prosecutrix and attempted to take her home in his car. She succeeded in eluding him and went to Edna's home with one Audie Joe Bell. Bell left and a short time later Edna came into the house and told Erma that the boys wanted to see her. Erma went outside and saw McPhettridge, Chaney and Griffin. Griffin told the prosecutrix that he would like to talk to her and she got in his car. Appellant then drove away and stopped in a grape vineyard about a mile from Edna's home. The prosecutrix testified that appellant started to "get fresh" and in a few moments McPhettridge and Chaney drove up in Chaney's car; that at McPhettridge's request all of the parties then sat in Chaney's car. McPhettridge and Chaney were in front and appellant and Erma in the back. She further testified that appellant again "got fresh" with her and tried to pull her down on the back seat; that she started to pull his hair and fight him off; that she asked Richard Chaney to help her and Chaney replied that he could do nothing for her; that appellant then attempted to have sexual intercourse with her and she got out of the car and started to run toward the camp; that she fell and hurt her knee; that appellant ran after her, took hold of her arms and said "There is no use pulling away"; that he pulled her arms and pushed her back to the car; that she asked Richard to take her home and he laughed and said he couldn't do anything because defendant was "his friend"; that Richard then asked appellant to let him in the car with Erma for a while; that she and Richard were in the car for approximately an hour, during which time Richard attempted to accomplish an act of sexual intercourse with her; that during this time appellant came up to the car and told Richard to hurry up as it was cold outside; that he was going to "get in there"; that Richard got out of the car and Leon McPhettridge then got in the back seat and accomplished an act of sexual intercourse with her; that she then asked appellant if he was satisfied and if he would take her home and he said "Hell, no. It is my time now"; that appellant then got hold of her arm, pushed her back in the car and accomplished an act of sexual intercourse with her; that she struggled and pulled his hair but that this did not

stop him; that McPhettridge and Chaney then got back in the car and appellant left. On the following day the prosecutrix was examined by a physician and his testimony was that the prosecutrix had been forcibly raped.

Appellant made statements to the district attorney in which he admitted having attempted to have intercourse with the prosecuting witness and in which he corroborated many of the statements made by the prosecuting witness. Richard Chaney admitted at the trial that he had attempted an act of sexual intercourse with the prosecutrix.

Prior to the entry of his plea, appellant moved to set aside the second and third counts of the information on the grounds that no testimony had been taken at the preliminary hearing on the question of aiding and abetting and that no testimony had been taken at said hearing which would indicate that the crimes charged in the second and third counts of the information had been committed. In support of this motion appellant filed a number of affidavits in each of which it was stated generally that there was no testimony taken at the preliminary which indicated that the defendant Gene Griffin aided and abetted McPhettridge and Chaney in any of the acts committed. In opposition, the district attorney filed affidavits of the clerk of the justice court and the justice of the peace, in both of which it was stated that the complaining witness testified at the preliminary substantially as set forth in the statement of facts herein. It appears that at the time of the preliminary examination a shorthand reporter was not available and the district attorney and counsel for the defendant agreed to proceed with the hearing in the absence of a reporter. At the conclusion of the preliminary hearing the defendant was bound over to the superior court on the charge of "rape."

Appellant claims that it was prejudicial error for the trial court to refuse to strike the second and third counts of the information and argues that when there is no record taken at the preliminary examination the power to charge any crime disclosed by the testimony at the hearing is restricted to that set forth in the order of commitment. This contention is without merit. Section 809 of the Penal Code, as amended in 1927, provides that the information may charge the offense, or offenses, named in the order of commitment, or any offense, or offenses shown by the evidence taken before the magistrate to have been committed. A defendant may be held to answer for an offense shown by the evidence taken at the

preliminary examination, even though not charged in the complaint or designated in the order of commitment. (*People* v. *Bird*, 212 Cal. 632, 636-645 [300 P. 23].) The courts have permitted the inclusion in the information of an offense for which the magistrate had declined to hold the defendant to answer (*People* v. *Shutler*, 15 Cal.App.2d 704, 705-706 [59 P.2d 1050] ; *People* v. *Sturman*, 56 Cal.App.2d 173, 177-179 [132 P.2d 504]) and it has been held that where the defendant was legally held to answer and committed for an offense triable in the superior court, a motion to set aside the information would not lie on the ground that the information charged an offense other than that named in the commitment, where the evidence taken at the preliminary examination showed the commission of the offense charged. (*People* v. *Barnett*, 99 Cal.App. 409, 411-413 [278 P. 885].)

In *People* v. *McGee*, 31 Cal.2d 229 [187 P.2d 706], the court said, at pages 232-233 :

''Defendant was bound over by the committing magistrate to answer to a charge of manslaughter only. He contends that the evidence before the magistrate failed to show that the crime of murder had been committed; that therefore the district attorney was without authority to file an information accusing defendant of murder and the trial court erred in denying defendant's various motions'to set aside the information and to compel a trial on the charge of manslaughter only. The district attorney is empowered by section 809 of the Penal Code to 'charge the offense . . . named in the order of commitment, or any offense . . . shown by the evidence taken before the magistrate to have been committed.' Under this section the district attorney can charge murder, if the evidence at the preliminary hearing shows such offense, although defendant has been held to answer for the offense of manslaughter. (*People* v. *Bird* (1931), 212 Cal. 632 [300 P. 23].) ''

■ It was not necessary to have the proceedings at the preliminary hearing taken down in shorthand and transcribed by a court reporter. (*People* v. *Brooks*, 72 Cal.App.2d 657, 660 [165 P.2d 51] ; Penal Code section 869.)

■ Appellant argues that while he could present affidavits setting forth the opinions of certain persons as to the testimony taken at the preliminary the district attorney could not file counteraffidavits in opposition thereto. We see no reason to hold that the district attorney was precluded from submitting affidavits in opposition to those offered by appellant. (1 Cal.Jur.—Affidavits § 23, pp. 680-682.) Further-

more, the prosecution produced witnesses to testify at the hearing on the motion to set aside the second and third counts of the information and the trial court deemed it unnecessary to take their testimony in view of the affidavits filed. We see no abuse of the trial court's discretion and no error was committed in permitting the proof of testimony taken at the preliminary hearing either by affidavit or oral testimony.

█ It is next claimed that the court committed prejudicial error in its instructions to the jury as to the law relative to aiding and abetting. Several instructions were given on this subject in which the law was correctly stated. However, appellant claims that the court committed error in giving the following instruction:

"Under the law, for any man to stand by serenely and sympathetically in the presence of an act of rape by his associate is itself proof of his approval and cooperation with the criminal act. That the victim should in her anguish, make an outcry to such associate and thereby attempt to claim his protection is not necessary to render him guilty of aiding and abetting the criminal act. He aids and abets by his actual presence. By standing by, without resentment toward his acting confederate, and without concern for the girl permitted the outrage, he exemplified a united and single purpose which would brook no interference. Therefore, under the rules of law just stated to you, he is a principal in such a crime."

This instruction apparently was taken from the case of *People* v. *Mummert,* 57 Cal.App.2d 849, 855 [135 P.2d 665], and was proper under the particular facts of that case. The facts in the instant case are somewhat similar to those in the Mummert case and, as in the Mummert case, the defendant herein was an associate and a confederate in the admitted assault with intent to commit the crime of rape upon the person of the prosecutrix. The evidence shows that the appellant acted in concert with his associates within the rule in *People* v. *Hill,* 77 Cal.App.2d 287, 293 [175 P.2d 45]. He shared the criminal intent of his associates in the commission of the assault and acted with knowledge of the wrongful purpose of his associates. (*People* v. *LeGrant,* 76 Cal.App.2d 148, 153 [172 P.2d 554].) Under the circumstances presented by the record we conclude that no reversible error was committed in the giving of the questioned instruction.

The judgment and order denying a new trial are affirmed. The orders denying the motions to strike and to set aside the

second and third counts of the information are not appealable (Pen. Code, § 1237) and the attempted appeal therefrom is dismissed.

Barnard, P. J., and Griffin, J., concurred.

The opinion and judgment were modified to read as above printed on September 19, 1951.