[S. F. No. 18524.   In Bank.   Mar. 18, 1952.]

REUBEN W. PARKS, Petitioner, v. SUPERIOR COURT
OF ALAMEDA COUNTY et al., Respondents.

Robert H. Kroninger, Davis & Barber and Robert K. Barber for Petitioner.

J. F. Coakley, District Attorney (Alameda), John J. Schauer, Jr., and Lloyd H. Burke, Deputy District Attorneys, for Respondents.

SHENK, J.—Petitioner seeks the writ of prohibition to prevent the Superior Court in Alameda County from taking further proceedings on an information filed against him.

A complaint was filed against petitioner which charged grand theft of $2,463 from one Palmer; grand theft of 12,000 board feet of lumber of the reasonable value of $843.76; and the intentional writing of a bad check for $843.76 in payment (Pen. Code, § 476a). A preliminary examination was held and evidence was introduced as to each of the three counts.

Evidence as to the first grand theft count indicated that petitioner secured $2,463 from a Mrs. Palmer on the basis of misrepresentations concerning the value of a certain security he gave for the repayment of that sum.

Evidence on the second grand theft count and the violation of section 476a indicated that petitioner bought some lumber from Heacox in September, 1950; that he had the lumber sent to a mill during the same month, and that on November 3, 1950, he caused the issuance of his check for $843.76, the balance then due on the purchase price of the lumber. His balance at the drawee bank was $892 as of the close of business on November 2, 1950, and $666.45 as of the close of business on November 3, 1950. The balance was $245.14 on the day the check was presented for payment. The account was completely depleted by December 4, 1950.

The magistrate dismissed the two grand theft counts and discharged the petitioner as to these counts on the ground

that no public offenses had been committed. He did, however, order the petitioner held to answer on the charge that he had violated Penal Code, section 476a.

The district attorney then filed an information charging the commission of all three offenses alleged in the complaint. The information asserted that the alleged theft of the lumber from Heacox and the issuance of the partially worthless check were acts which were connected in their commission, but no contention is made that there was any connection between them and the Palmer transaction. Petitioner moved the superior court for an order setting aside the information pursuant to section 995 of the Penal Code on the grounds that he had not been legally committed and that he had been committed without reasonable or probable cause. The respondent court denied the motion, set a trial date, and will proceed with the trial on all three counts unless restrained.

Petitioner contends (1) that the information is invalid insofar as it charged two instances of grand theft since these offenses constituted counts in the complaint which were dismissed by the magistrate and (2) that it is invalid as to all three crimes charged since the evidence at the preliminary examination failed to show reasonable cause to believe that he had committed a public offense.

The first ground of the motion brings into question the legality of the commitment pursuant to section 8 of article I of the state Constitution and section 739 (formerly § 809) of the Penal Code.

Section 8, article I, of the Constitution provides: "Offenses heretofore required to be prosecuted by indictment shall be prosecuted by information, after examination and commitment by a magistrate, or by indictment, with or without such examination and commitment, as may be prescribed by law . . . ." Section 739 of the Penal Code requires the district attorney to file within 15 days after examination and commitment an information which may charge the defendant with either the offense or offenses named in the order of commitment or any offense or offenses shown by the evidence taken before the magistrate to have been committed.

██ In the decisions which outline the duties of the district attorney pursuant to the foregoing provisions of the law there has been no departure from the proposition that the Constitution protects a person from prosecution in the absence of a prior determination by either a magistrate or a grand jury that such action is justified. The legislative history and

various claimed grounds of unconstitutionality of the provisions of former section 809 were rather extensively treated in *People* v. *Bird*, 212 Cal. 632 [300 P. 23]. The effect of the court's declarations of the constitutional operation of the section was to approve the filing of an information charging a different but related crime shown by the evidence taken before the magistrate bearing on the transaction involved in the commitment order. The court stated or plainly implied (212 Cal. at pp. 643-645) that an information would be contrary to the Constitution if it designated a crime or crimes unrelated to or unconnected with the transaction which was the basis for the commitment order.

The holding of the Bird case has been followed or applied in other cases in this court and in the District Courts of Appeal. (*People* v. *McGee*, 31 Cal.2d 229 [187 P.2d 706]; *People* v. *Tallman*, 27 Cal.2d 209 [163 P.2d 857]; *People* v. *Griffin*, 106 Cal.App.2d 531 [235 P.2d 424]; *People* v. *Sturman*, 56 Cal.App.2d 173 [132 P.2d 504]; *People* v. *Dal Porto*, 17 Cal.App.2d 755 [62 P.2d 1061, 63 P.2d 1199]; *People* v. *Shutler*, 15 Cal.App.2d 704 [59 P.2d 1050]; *People* v. *Malowitz*, 133 Cal.App. 250 [24 P.2d 177]; *People* v. *Lee*, 125 Cal. App. 709 [13 P.2d 943]; *People* v. *Sanders*, 102 Cal.App. 237 [283 P. 136]; *People* v. *Barnett*, 99 Cal.App. 409 [278 P. 885].)

█ In the present case as to the Palmer transaction the discrepancy between the crime named in the commitment and the crimes charged in the information concerns more than the mere designation of the crime or crimes as they relate to the transaction upon which the commitment was based. The information charges grand theft based on the Palmer transaction which has no relation to or connection with the transaction on which the order of commitment was based. As to the Palmer transaction the magistrate discharged the petitioner on the ground that the evidence showed that no public offense had been committed. As to that transaction there was no commitment order. It may not be contended that where a single transaction or course of conduct is involved in the preliminary hearing the district attorney has power to file an information after the petitioner has been discharged by the magistrate because of a showing that no public offense has been committed. Such a procedure would be contrary to the protection afforded by the constitutional provision and is not within the permissive powers under the code section. Those powers depend on the issuance of an order of commitment. No exception to this dependence may be made because

of the circumstance that the defendant in the same proceeding was charged and heard on two separate, unrelated and unconnected transactions. As indicated in the Bird case the constitutional provision would be nullified if by this device the district attorney might proceed without first having obtained an order of commitment.

Cases such as *People* v. *Sanders*, 102 Cal.App. 237 [283 P. 136], and *People* v. *Malowitz*, 133 Cal.App. 250 [24 P.2d 177], above cited, cannot be deemed to have sanctioned a departure from that conclusion. In the Sanders case there was no discussion as to whether the several counts related to separate transactions. In fact the opinion suggests that they related to the same transaction and that the question was solely one of identity of the victim. In the Malowitz case the court followed the Bird decision on the assumption that the facts were parallel. There was no disclosure in the stated facts that the additional crimes charged by the information were based on transactions as to which an order of commitment had not been made. Greater doubt attaches to the decision in *People* v. *Wyatt*, 121 Cal.App. 180 [8 P.2d 901]. There the defendant was held to answer on three counts of grand theft. The district attorney added five similar counts. In the final outcome the defendant was convicted on one of the added counts as to which there was evidence at the preliminary hearing that the offense had been committed. The transaction involved was one of several concerning which there was evidence at the preliminary hearing to show a common scheme or plan for the commission of a series of similar transactions within a period of two years. But there is nothing in the opinion to show that these transactions were in any way related or connected. Therefore language in that opinion which may be deemed inconsistent with the views herein expressed is disapproved.

No indictment was involved in the present case. It follows from the foregoing that in the absence of the required commitment the inclusion in the information of the charge of grand theft based on the Palmer transaction was unwarranted and contrary to the provisions of the Constitution and section 739 of the Penal Code.

The foregoing conclusion does not apply to the charges based on the lumber transaction. As to it a commitment was ordered. As indicated herein the district attorney might include a related offense although the magistrate concluded impliedly or otherwise that the evidence did not show probable

cause that such offense had been committed. The charges as to the theft of the lumber and the giving of a worthless . check in payment thereof were related, arose out of the transaction which was the basis for the commitment and, depending on the evidence, could result in conviction on one charge or the other. The district attorney was therefore within his right to include the grand theft charge in the information if the necessary elements of that offense reasonably appeared from the evidence before the magistrate. Consequently as to this transaction the petitioner has not shown that he was not legally committed.

We are thus brought to a consideration of the ground of the petitioner's motion that he was committed without reasonable or probable cause. (Pen. Code, §§ 995, 999a.) Examination of the evidence taken before the magistrate discloses that there was reasonable or probable cause to commit the petitioner for the offense of issuing the worthless check in payment of the lumber. As stated, the inclusion in the information of the charge of grand theft of the lumber was warranted only if it was "shown by the evidence taken before the magistrate to have been committed." (Pen. Code, § 739.) Its inclusion is therefore also subject to scrutiny on the motion and in this proceeding on the ground that probable cause did not exist for the commitment on the charge stated in the information. (Pen. Code, § 999a; People v. Bird, supra, 212 Cal. 632.) In either event, whether pursuant to commitment or by inclusion in the information in proper cases, the Constitution and the statute protect the petitioner from trial on the criminal charge until probable cause has been established by the taking of evidence under oath.

■ Without the necessity for reviewing what quantum, weight or sufficiency of evidence is required to justify the conclusion that probable cause exists (see People v. Mitchell, 27 Cal.2d 678, 681 [166 P.2d 10]), we conclude that the evidence at the preliminary hearing failed to show probable cause for holding the petitioner to stand trial on the charge of grand theft of the lumber. The petitioner purchased about 20,000 board feet of lumber in Alameda County by partial payment of $600 on September 20, 1950. It was thereupon shipped to Fresno for his account. There was no evidence or circumstance from which the inference could reasonably be drawn that at that time the petitioner did not intend to pay the balance of $843.76. The information charged grand theft of 12,000 board feet on November 2, when the petitioner issued his

check for the balance due. There is neither allegation nor proof of a taking of the lumber at the time so stated nor a dispute as to the petitioner's previous acquisition of title and right to possession of the lumber on that date. The petitioner's issuance of a check on insufficient funds on November 2 cannot alter the fact that at that time he owned and had rightful possession of the lumber. Since the petitioner already had title to and possession of the lumber the issuance of the check was not the inducing cause for parting with the property so as to support a charge of theft by false pretenses. (*People* v. *Wasservogle*, 77 Cal. 173, 175 [19 P. 270]; *People* v. *Cravens*, 79 Cal.App.2d 658, 662 [180 P.2d 453].) The conclusion is inescapable that there was not sufficient evidence upon which to base a reasonable belief that he committed the crime of grand theft. (Pen. Code, § 487.) As to the lumber transaction the petitioner has been held for trial on an information charging the offense of grand theft without reasonable or probable cause.

The respondent court therefore is without jurisdiction to proceed against the petitioner on the charge of grand theft involving the Palmer transaction (Pen. Code, § 995; *cf. Greenberg* v. *Superior Court*, 19 Cal.2d 319 [121 P.2d 713]); and is without jurisdiction to proceed against him on the charge of grand theft relating to the lumber transaction. (Pen. Code, §§ 995, 999a.)

Let a peremptory writ of prohibition issue restraining the respondent court from taking any proceedings against the petitioner on either of the charges of grand theft contained in the information.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.