[Crim. Nos. 6276, 6277. In Bank. Aug. 12, 1958.]

THE PEOPLE, Respondent, v. BABE OTTO BARBERA, Appellant.

[Two Cases.]

Harrison M. Dunham and Morris Lavine for Appellant.

Richard E. Erwin and William Strong, as Amici Curiae on behalf of Appellant.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

THE COURT.—A hearing was granted in this case in order to give further consideration to the points raised by appellant, Babe Otto Barbera. After a review of the record and the contentions of the appellant and respondent, we have decided to adopt the opinion of the District Court of Appeal, Second District, Division One, prepared by Justice Fourt, and concurred in by Justice Lillie (Presiding Justice White concurred in the judgment) with certain deletions, as the opinion of this court.

"There are two appeals before the court in this matter. The first case, Superior Court Number 191311, is an appeal from a judgment wherein the defendant was convicted of a violation of the provisions of section 11714, Health and Safety Code (sale of heroin to a 16-year old child).

"The second case is Superior Court Number 172604, and is an appeal from a judgment wherein the defendant was charged with a violation of the provisions of section 11500, Health and Safety Code (possession of marijuana).

"The defendant, in case Number 191311, was charged in

count I of the information with having sold heroin on April 5, 1957, to a minor of the age of 16 years. In count II of the information the defendant was charged with having possession of certain narcotics (marijuana) on May 2, 1957. It was also charged in the same information that the defendant had formerly, namely on May 10, 1955, been convicted of the crime of violation of section 11500, Health and Safety Code.

"The defendant pleaded not guilty as to both counts and denied the prior conviction. At the time of trial all parties and counsel waived a jury trial and stipulated that the cause be submitted on the testimony contained in the transcript of the proceedings had at the preliminary hearing, and each side reserved the right to introduce additional evidence. The trial was continued to a day certain, and on that date witnesses were called and testified in behalf of the plaintiff and defendant.

"The court found the defendant guilty of count I and not guilty as to count II of the information, and made no finding as to the charge of a prior conviction. The defendant made an application for probation, and the matter was heard on August 6, 1957. Probation was denied in the heroin selling case and the defendant was sentenced to the state prison and such sentence was ordered to run concurrently with the county jail sentence imposed in case Number 172604.

"In case numbered 172604, filed May 3, 1955, the defendant was charged, in substance, with having marijuana in his possession in violation of the provisions of section '11500, Health and Safety Code. On May 10, 1955, the defendant caused his plea of guilty to be entered and made an application for probation. On May 31, 1955, the defendant was sentenced to one year in the county jail; execution of the sentence was suspended and defendant was granted probation for three years on condition that he serve the first 90 days in jail and that he not associate with users of narcotics, obey all laws and follow all rules of the probation department. . . .

"The defendant was . . . arrested on the offense with which we are here concerned, namely, selling heroin to a 16-year-old high school student on April 5, 1957. Probation was revoked in case numbered 172604 on August 6, 1957, and the original sentence of one year in the county jail (imposed May 31, 1955) was put in force and effect; however, it was ordered that such sentence run concurrently with the prison sentence. The defendant filed his notice of appeal from such judgment.

"The facts of the case having to do with the sale of

heroin to the minor child are as follows: A high school girl by the name of Miss Schwartz, of the age of 16 years, first saw the defendant in March or April of 1957 at the house of a mutual friend, Miss Barbara Burns, in Los Angeles County. Babe Otto Barbera was at the house of Miss Burns when Miss Schwartz arrived at about 8 or 9 o'clock p. m. Others were there also. Miss Schwartz testified that she did not pay too much attention to who was there at the time because people were always there and she did not recall their names. She did recall, however, that she probably asked Miss Burns if she thought Barbera could 'get anything' and that Miss Burns had answered yes. Miss Schwartz talked with Barbera and she inquired of him as to the possibility of getting her some heroin or a 'cap.' Barbera indicated that he could secure heroin for her and they drove off together in an automobile with Barbera driving. They went a relatively short distance to a house, where Miss Schwartz gave Barbera $5.00, and Barbera got out of the automobile and went into the house. After about 10 minutes Barbera came back to the automobile and they drove back to Miss Burns' house. Barbera gave to Miss Schwartz a 'cap' which consisted of a one-half inch capsule with a white powder inside. Before this occasion Miss Schwartz had seen heroin in capsules 10 or more times and she had used the substance which she believed to be heroin and was familiar with the effects it produced. She knew the manner of shooting it into a vein with a hypodermic needle and eye dropper. After Miss Schwartz received the 'cap' from Barbera she went to the bathroom of Miss Burns' house and 'took a fix.' She described the sensation she experienced and stated that it was similar to the previous instances when she had taken heroin.

"A police officer testified as an expert in the use and effect of narcotics and stated that in his opinion the substance injected into Miss Schwartz was heroin.

Miss Schwartz later signed a police report wherein she listed Barbera as having furnished her with narcotics. The information was related to other officers and at about 8:30 o'clock, May 1, 1957, two officers went to Barbera's door. Barbera opened the door and he was placed under arrest. The defendant said he wanted to wash his teeth and get his jacket before leaving with the officers. The officers investigated a room which Barbera said was his and in Barbera's jacket pocket they located a spoon, a piece of cotton, an eye

dropper and a hypodermic needle. The room was searched and in a top bureau drawer they found material which later was examined and found to be marijuana.

"The defendant testified in his own behalf and stated that he had not sold any heroin to Miss Schwartz; that some of the marijuana he had possessed in 1955 was kept in the top bureau drawer where the officers had found the material which was identified as marijuana in the instant case.

"The court asked the question: 'Well, at that time, in 1955, the marijuana they found, was any of it in this dresser drawer that we are talking about here? A. *I kept some there, yes.*' (Emphasis added.) . . .

"At the oral argument counsel for Barbera stated in effect that it was the defendant's contention at the trial that the marijuana which was found in the bureau drawer in May, 1957, was in fact a part of the marijuana which had been found in May, 1955, and that he had pleaded guilty to possessing that marijuana and had been sentenced therefor, and that he should not be convicted again of having what he contended was a part of the same marijuana. The argument . . . impressed the judge for he found the defendant not guilty of possessing marijuana as charged in the information in count II.

"The appellant contends in the present case that the evidence was legally insufficient to sustain the conviction. He asserts that the testimony of Miss Schwartz was impeached by several witnesses and cites *People* v. *Draper,* 69 Cal.App. 2d 781 [160 P.2d 80], and *People* v. *Graziano,* 83 Cal.App.2d 701 [189 P.2d 518], to support his contention. There was no direct evidence in either of the cited cases pointing to the accused as being the perpetrator of the offense charged. The situation was entirely different in the case under consideration.

■ "This court is in no position to pass upon the credit which should be given to the witnesses and we are not authorized to review the evidence under the circumstances existing in the present case. (*People* v. *Silva,* 119 Cal.App.2d 421, 426 [259 P.2d 74].)

■ "The fact that there may have been some inconsistencies and some contradictions in the testimony is not sufficient to reverse the judgment. The testimony of Miss Schwartz was not at all improbable. (*People* v. *Thomas,* 103 Cal.App. 2d 669, 672 [229 P.2d 836].) ■ The circumstances fully support the judgment. (*People* v. *Sykes,* 44 Cal.2d 166 [280 P.2d 769].)

"No argument has been presented to us with reference

to the case wherein probation was revoked in case number 172604, and in conformity with *People* v. *Yarter,* 138 Cal. App.2d 803, 805-806 [292 P.2d 649], the judgment therein should be affirmed. . . .''

The judgment in case Number 172604 is affirmed.

The judgment in case Number 191311 is affirmed.