[Crim. No. 6265.    Second Dist., Div. One.    Aug. 25, 1958.]

THE PEOPLE, Respondent, v. HANNAH WARREN et al., Defendants; GENERAL BELL, Appellant.

General Bell, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

WHITE, P. J.—The district attorney of Los Angeles County filed an information wherein appellant was charged in two counts with a violation of section 11500 of the Health and Safety Code. Count I alleged that on or about November 18, 1957, appellant unlawfully sold a preparation of heroin. In Count IV it was alleged that on the same day, appellant transported and offered to sell a preparation of heroin. (Counts II and III of the information contained charges against Hannah Warren, the codefendant of appellant at the trial.) Reference might here be made to the preliminary examination where the committing magistrate dismissed Count I of the complaint charging that appellant sold, furnished, and gave away a preparation of heroin but added and held appellant to answer to Count IV of the complaint charging appellant did unlawfully transport and offer to sell and furnish and give away a preparation of heroin.

The information also alleged that before the commission of the offenses charged against him, appellant had been convicted of two prior felonies and served terms of imprisonment in the state prison. The first prior felony alleged was the crime of burglary and possession of marijuana with judgment rendered in the District Court of the State of Texas, on or about March 30, 1950; the other for the crime of possession of marijuana with judgment rendered by the District Court of the State of Texas on or about June 19, 1952.

To the offenses charged against him in Counts I and IV, appellant pleaded not guilty. Trial by jury was duly waived and by stipulation the cause was submitted on the transcript of the testimony adduced at the preliminary examination, each side reserving the right to offer additional evidence.

Following a reading of the aforesaid transcript and consideration of additional testimony offered at the trial, the court adjudged appellant guilty as charged in Count I and not guilty on Count IV. No finding was made on the prior felony convictions as alleged. Probation was denied and appellant was sentenced to state prison. From the judgment of conviction he prosecutes this appeal.

The following will serve as a fair epitome of the factual background surrounding this prosecution. There was evi-

dence that at about 5 o'clock on the evening of November 18, 1957, Justin B. Burley, an undercover investigator for the sheriff's office assigned to the narcotics detail, went to defendant Hannah Warren's residence. He was accompanied by a confidential informant known as Maggie.

Approximately one hour later Burley and the confidential informant returned to Warren's residence and for the first time met appellant as he was leaving. Appellant asked them if they had the "stuff" (meaning heroin). They told him "No" that they had been trying to "pick up" (meaning to purchase or obtain narcotics). Appellant stated he had a "connection" (meaning a person from whom one gets his heroin), that lived near 94th and San Pedro and would be willing to take them to that location.

They entered defendant Warren's residence and told the latter that her "connection" was going to be too long and they would try to "score" (meaning to purchase) with appellant Bell. Defendant Warren asked if she could hold the money and in the meantime if her "connection" should call she would be able to "score." Burley let defendant Warren hold $15.

Burley, the informant, and appellant entered the latter's car and drove to the vicinity of 94th and Broadway. Appellant took $20 and left the automobile saying he had to make a phone call. He returned and said his "connection" was not home. Appellant gave back the $20 and no sale took place. They then returned to defendant Warren's residence. Some person called Mrs. Warren from next door and when she returned Mrs. Warren stated she had made contact with her "connection" and they were to meet her "connection" at 56th and McKinley. Appellant asked defendant Warren if he could accompany them to the location because he wanted to "score" himself. Appellant stated he would drive them over in his automobile.

Defendant Warren and her little girl, the confidential informant, Burley and appellant entered appellant's vehicle and drove to the vicinity of 56th and McKinley. Defendant Warren then left the car and Burley observed a brown Studebaker driven by a male Negro. Appellant stated that this was Mrs. Warren's "connection" and he had seen him on several occasions. Defendant Warren returned and appellant asked her "did she pick up." Defendant Warren said "Yes" that everything was "straight."

The parties in appellant's car returned to 2043 East 115th

Street, which is defendant Warren's residence. They entered the location and Mrs. Warren produced a small paper bindle and proceeded to put white powder into capsules. Appellant purchased one of the capsules from defendant Warren, went into the bathroom and took a "fix" meaning an injection of a solution of white powder and water into his veins. Defendant Warren then gave Burley five capsules. The powder in the capsules upon analysis contained the narcotic drug heroin. After Burley received the five capsules appellant approached him and asked Burley to sell him one but Burley told appellant he needed the capsules for himself.

Appellant and his codefendant Hannah Warren testified for the defense. Their testimony may be summarized as follows: On the evening here in question, appellant was at defendant Warren's residence. As the former was leaving the house, Officer Burley and the confidential informant, Maggie Magee, approached. The latter asked appellant if he would "drive her down 94th and Broadway." Appellant responded in the affirmative but that they would have to put gas in his automobile. When they were approaching Broadway, Maggie Magee told Officer Burley it "didn't look like anyone was home." Appellant said he would have to make a phone call before he took them back. He called a friend who wanted appellant to get him a job where appellant was working. The phone call was not in connection with the purchase of narcotics. At no time during this trip was there any discussion of narcotics. Maggie Magee gave appellant a dollar for taking her over to 94th Street.

Later on the same evening Mrs. Warren, Officer Burley, Maggie Magee and appellant went on a second trip in appellant's car with the latter driving. Defendant Warren had asked appellant if he would take her to some market that was open. Appellant didn't know why Officer Burley and Maggie Magee happened to go along; he thought maybe they were friends. Appellant got no money for this trip as he was doing Mrs. Warren a favor. There was no discussion of narcotics before this trip started nor anytime during the trip. Appellant did not at any time ask Maggie Magee or defendant Hannah Warren if "she had picked up"; nor at any time did appellant offer to sell narcotics to Officer Burley and Maggie Magee. Appellant did not see Mrs. Warren get out of the car and go to a Studebaker nor did he say "that is her connection." Appellant did not know at any time that he was transporting narcotics. After the trip they went back to

defendant Warren's house. Appellant went into the house, but he did not take a "fix." There was never any mention of narcotics. Appellant had been convicted of the crimes of burglary and possession of marijuana and served terms of imprisonment in the state prison.

As his first ground for reversal of the judgment appellant urges that since Count I of the information involved the same facts and allegations as contained in Count I of the complaint filed in the municipal court, and which was dismissed by the committing magistrate, the trial court was without jurisdiction and therefore erred in finding him guilty on Count I of the information. In this contention appellant cannot be sustained. While appellant appears in propria persona on this appeal, he was represented by counsel at both the preliminary examination and his trial in the court below. Any objection appellant had to Count I of the information in that he was not legally committed by a magistrate or had been committed without probable cause has been waived because of his failure in the trial court, to move to set aside the information pursuant to the provisions of section 995 of the Penal Code, which, insofar as here pertinent, provides that the court must set aside an information in either of the following cases:

"1. That before the filing thereof the defendant has not been legally committed by a magistrate.

"2. That the defendant has been committed without reasonable or probable cause."

This is followed by section 996 which provides that:

"If the motion to set aside the indictment or information is not made, the defendant *is precluded from afterwards taking the objections mentioned in the last section.*" (Emphasis added.)

Manifestly, such motion under section 995, is a condition precedent to later raising the point (*People* v. *Workman,* 121 Cal.App.2d 533, 535 [263 P.2d 458]; *People* v. *Linton,* 102 Cal.App. 608, 612 [283 P. 389]; *People* v. *Branch,* 119 Cal.App.2d 490, 495 [260 P.2d 27]; *People* v. *Ahern,* 113 Cal.App.2d 746, 750 [249 P.2d 63]).

There is however, a further reason why appellant's contention that he was illegally convicted under Count I of the information cannot be sustained. At the conclusion of the preliminary examination, the committing magistrate dismissed Count I of the complaint filed in the municipal court, which charged appellant with selling, furnishing and giving

away a preparation of heroin. But, the committing magistrate added Count IV to the complaint, wherein it was charged that appellant transported and offered to sell, furnish and give away a preparation of heroin. Upon this added count, (IV), appellant was held to answer. However, section 739 of the Penal Code provides that ''When a defendant has been examined and committed, as provided in section 872, it shall be the duty of the district attorney of the county in which the offense is triable to file in the superior court of that county . . . an information against the defendant which may charge the defendant with either the offense or offenses named in the order of commitment *or any offense or offenses shown by the evidence taken before the magistrate to have been committed. . . .* '' (Emphasis added.) In the instant case, the question then arises, was the offense charged in Count I of the information in the superior court within the scope of ''any offense or offenses shown by the evidence taken before the magistrate?'' (*Parks* v. *Superior Court,* 38 Cal.2d 609, 612 [241 P.2d 521].) It would appear that the only requirement is that the additional charge filed by the district attorney arises out of the same transaction as the one for which the accused is held to answer. Although the magistrate concluded impliedly or otherwise, that the evidence did not show probable cause that the offense charged in Count I of the complaint in the municipal court had been committed by the accused, the district attorney was authorized under section 739 of the Penal Code to file Count I of the information if such count was related to or arose out of the transaction which formed the basis of the commitment under Count IV of the complaint in the municipal court, upon which appellant was held to answer and, depending on the evidence, could result in conviction on one charge or the other, even though the magistrate refused to hold the accused to answer to the charge contained in Count I of the complaint (*People* v. *Sturman,* 56 Cal.App.2d 173, 177 [132 P.2d 504]; *People* v. *Griffin,* 106 Cal.App.2d 531, 535 [235 P.2d 424]; *Parks* v. *Superior Court, supra,* p. 612). ▇ The only requirement would seem to be that the additional charge filed by the district attorney arise out of the same transaction as the one for which the accused is held to answer (*Parks* v. *Superior Court, supra,* pp. 613, 614). ▇ To us it seems quite clear that in the case at bar, the charge of transportation of narcotics on November 18, 1957, in Count IV of the municipal court complaint upon which appellant was held to answer is related to

and arose out of the same transaction as the charged sale on November 18, 1957, as set forth in Count I of the information. The record reflects that appellant drove his automobile to where the contraband was obtained, and then drove back to the residence of the codefendant Hannah Warren, at which place the heroin was delivered to Officer Burley. We are therefore persuaded that even though appellant had presented a timely motion under section 995 of the Penal Code, nevertheless, the district attorney was authorized by Penal Code, section 739, to include Count I in the information filed herein, and the court was invested with jurisdiction to proceed to trial thereon.

For the foregoing reasons, the judgment is affirmed.

Lillie, J., concurred.

FOURT, J.—I concur in the judgment. The record in this case indicates that it is but another of the long number of cases arising in Los Angeles County where there has been a miscarriage of justice in the administration of the statutes and laws pertaining to narcotics.

The appellant in this instance was charged with two prior convictions, the first of which had to do with burglary and narcotics, and the second of which had to do with narcotics. It was charged in the information that each of these prior offenses occurred in the State of Texas, and that appellant served a separate term in the state prison in the State of Texas for each of said offenses.

The district attorney offered, and there was received into evidence, documents which, without question, and without objection, clearly showed that the appellant had been so convicted and had served such terms in prison. It was stipulated that the person named in the documents was the appellant. It was then stipulated by the prosecution and the appellant, in effect, that the judge could determine the truth or falsity of the charges with reference to the prior convictions. The question was put ''Do you want this judge to determine these priors?'' and the appellant answered, ''Yes.''

The appellant took the witness stand and testified in his own behalf and admitted, with no hesitancy, that he had been so convicted of such felonies and that he had served terms in prison therefor. Even the attorney for the appellant, in pleading his cause to the court, said, ''He has never, so far as I can see, had the opportunity to be placed on probation.

Recognizing the problem, where *he has these two priors,* it would appear in his case he was just—— when this thing happened . . . .'' (Emphasis added.)

. The judge then proceeded to ignore the fact of the priors and the terms served therefor, made no findings thereon, and sentenced the appellant as a first offender.

There is, so far as I can find, no excuse whatsoever for such a course other than to thwart the legislative intention, and the clear wording of the statutes made and provided in such instances, and to give an ex-convict who has twice been convicted of narcotic offenses the advantage of being sentenced as a first offender. Such a course brings the administration of criminal justice into disrepute, unnecessarily breeds serious problems and is grossly unfair to the defendants who are properly sentenced and are serving terms in the state prison as recidivists. (See Pen. Code, § 1158; Health & Saf. Code, §§ 11715.6, 11712; *People* v. *Barbera,* *(Cal.App.) 323 P.2d 815; *People* v. *Rixner,* 157 Cal.App.2d 387, 392 [321 P.2d 91].)

It is not readily ascertainable from the record just why the district attorney did not, at least, ask the judge to make a finding with reference to the priors, even if he, the district attorney, assumed that the judge might, notwithstanding the uncontradicted evidence, find that it was not true that the appellant was previously convicted as alleged. At least there might have been a determination.

*A hearing was granted by the Supreme Court on June 4, 1958. The final opinion of that court is reported in 50 Cal.2d 688 [328 P.2d 973].