370

THE PEOPLE, Respondent, v. ALFRED DENTON, Appellant.

Alfred Denton, in pro. per., for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

HERNDON, J.—In an information filed by the District Attorney of Los Angeles County appellant was charged with unlawful possession of the narcotic marijuana in violation of section 11530 of the Health and Safety Code, and with a prior felony conviction of grand theft from the person. Appellant pleaded not guilty but admitted the prior conviction.

The cause was tried before a jury which found appellant guilty as charged.

■ Appellant, appearing in propria persona, points to certain inconsistencies and conflicts in the testimony of the police officers with respect to matters of detail and contends, in effect, that the testimony upon which his conviction rests is inherently incredible.

Stating the evidence in a manner most favorable to the prosecution, as we are required to do, the record reveals that during the early morning hours of November 19, 1959, Officers Janowicz and Bekke of the Los Angeles Police Department were driving south in an unmarked police car on Wilmington Street in the county of Los Angeles. As the officers passed Wilmington and 115th Streets at approximately 2:15 a. m. they observed a crowd of 30 or 40 persons outside an all-night café on the west side of Wilmington. The officers drove beyond the group, pulled into an alley, stepped out of the police car and started toward the crowd.

While the officers were still some 50 to 70 feet south of the assembled group, they saw appellant break from the crowd and walk east across Wilmington. As appellant reached the east side of the street, Officer Janowicz saw him throw a red and white cigarette box behind a car with his left hand. Officer Bekke also observed the cigarette box when it fell into the gutter.

Appellant proceeded north on the east side of Wilmington until Officer Janowicz stopped him and asked his name. At the same time, Officer Bekke picked up the cigarette box and displayed it. Appellant denied that it was his, at the same time stating: "Oh, man, that will be easy for you to lay this stuff on me." Appellant was then placed under arrest.

It was stipulated that a forensic chemist, if called, would testify that there were sixteen hand-rolled cigarettes in the box, and that five of these were examined and found to contain marijuana.

Appellant, testifying on his own behalf, stated that he had never seen the box containing the marijuana cigarettes until one of the officers showed it to him. He further stated that he was leaving a friend's home and just happened to be with the group in front of the café when the officers passed by. He knew that the officers were policemen when they stepped out of the car. He walked across the street because of the time of night and the fact that he was on parole. He testified that

he did not smoke or possess marijuana, and that because of an injury to his left hand, he did not carry anything with it.

The essence of appellant's argument seems to be that because of the darkness of night and the distances involved, the officers could not possibly have seen the things to which they testified. Appellant also calls attention to certain discrepancies and inconsistencies in the testimony with reference to his movements immediately preceding his arrest.

We have examined the testimony of the police officers and have concluded that it was not inherently improbable or incredible in any material respect, but was entirely sufficient to support the verdict. It was the province of the jury to evaluate any discrepancies and inconsistencies in the testimony of the witnesses and to resolve any conflicts therein.

As the Supreme Court recently stated in *People* v. *Barbera,* 50 Cal.2d 688, 692 [328 P.2d 973]: "This court is in no position to pass upon the credit which should be given to the witnesses and we are not authorized to review the evidence under the circumstances existing in the present case . . . The fact that there may have been some inconsistencies and some contradictions in the testimony is not sufficient to reverse the judgment . . ." (See also *People* v. *Silva,* 119 Cal.App.2d 421, 426 [259 P.2d 74].)

The judgment is affirmed.

Fox, P. J., and Ashburn, J., concurred.