[Crim. No. 4029. First Dist., Div. Three. Nov. 15, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. RAYMOND KELLIN, Defendant and Appellant.

John J. Dutton, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, John S. McInerny and Derald E. Granberg, Deputy Attorneys General, for Plaintiff and Respondent.

SALSMAN, J.—The defendant was found guilty of grand theft and appeals from the judgment and an order denying a motion for new trial. He argues here that the trial court

permitted the district attorney to amend the information so as to charge an offense not shown by the evidence taken at the preliminary examination, in violation of Penal Code section 1009. This contention has merit, and compels a reversal of the judgment.

At the preliminary hearing the only evidence presented related to an alleged theft of a check dated November 10, 1960 in the sum of $2,093.86, belonging to defendant's employer. The defendant was held to answer on this evidence.

In the superior court defendant was charged in an amended information with grand theft alleged to have been committed "on or about the 10th day of November, 1960." At trial evidence and testimony was received relating to theft of the check for $2,093.86. In addition, the district attorney offered evidence relating to theft by the defendant of the following checks: (1) check dated October 23, 1960 in the sum of $360; (2) check dated December 8, 1960 in the sum of $300, and (3) check dated December 8, 1960 in the sum of $200. It is undisputed that there was no evidence at the preliminary examination relating to theft of any check other than the check for $2,093.86. Defendant made proper objection to evidence relating to the claimed theft of any check not shown by the evidence taken at the preliminary examination. The objection was overruled. Defendant later moved to strike all evidence relating to checks other than the check for $2,093.86. This motion was denied.

At the conclusion of the People's case the district attorney moved to amend the amended information to charge theft "on or about the 28th day of October through the 28th day of December, 1960." Defendant objected to this amendment, but the court overruled his objection and the information was amended as requested.

In its instructions the court told the jury: "If the jury finds that the defendant is guilty of embezzlement of any item of $200 or more, it will not be necessary for the jury to determine his guilt or innocence with respect to any other items."

Penal Code section 1009 permits an information to be amended at any time during trial. By the express language of the statute, however, the information cannot be amended "so as to charge an offense not shown by the evidence taken at the preliminary examination." ▉ It is true that the amendment to the information here allowed by the court changed only the date of the alleged offense, but when considered together with the court's instruction, it permitted the

jury to find the defendant guilty of theft of any or all of the checks received in evidence other than the check for $360. The check for $360 was dated October 23, 1960 and hence was not included within the period of time charged in the amendment to the information. It seems apparent to us, therefore, that the court, by permitting the amendment in question, has allowed the defendant to be charged and perhaps convicted of an offense not shown by the evidence at the preliminary examination.

The transcript of the testimony taken at the trial demonstrates that each of the checks referred to represented a separate and distinct transaction in which defendant had been engaged on behalf of his employer. The check for $2,093.86, which formed the basis of the order of commitment, was in no way related to either the $200 check or the $300 check. ▮ It is the rule that an amendment to an information is contrary to section 8, article I of the Constitution, and also contrary to Penal Code section 1009 if it operates to charge a crime unrelated to or unconnected with the transaction which was the basis of the commitment order. (*People* v. *Bird,* 212 Cal. 632 [300 P. 23]; *Parks* v. *Superior Court,* 38 Cal.2d 609, 612 [241 P.2d 521], and cases cited; see also *People* v. *Fyfe,* 102 Cal.App. 549 [283 P. 378].)

The respondent argues that grand theft from an employer may be a continuing offense and that various sums may be aggregated to equal the sum required to make the offense grand theft. It is expressly so provided by Penal Code section 487 subdivision 1. However, each of the checks here involved amounted to more than $200, and the theft of any one of them would amount to grand theft. Moreover, each check related to a separate transaction and each was submitted in evidence not to show intent, plan, scheme or design, but to show that a separate and distinct theft had occurred. ▮ We do not know precisely the evidence upon which the jury based its verdict. It may have been upon the check for $2,093.86, upon which defendant had been committed. On the other hand, acting upon the authority of the court's instruction, the verdict may have been based upon any or all of the checks received in evidence. Prejudice to the defendant resulting from the amendment to the information is obvious.

The judgment and the order denying motion for new trial are reversed.

Draper, P. J., and Devine, J., concurred.