[Civ. No. 27632.   Second Dist., Div. Two.   Oct. 2, 1963.]

DELBERT ARTHUR MULKEY, Petitioner, v. THE SU-
PERIOR COURT OF VENTURA COUNTY, Respond-
ent; THE PEOPLE, Real Party in Interest.

Woodruff J. Dean, District Attorney, Edwin M. Osborne, Chief Criminal Deputy District Attorney, and Robert M. Stone, Deputy District Attorney, for Respondent.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Real Party in Interest.

ASHBURN, J.—Petitioner Delbert Arthur Mulkey seeks prohibition commanding respondent superior court to desist and refrain from further proceedings upon counts II, III and IV of an information charging him with violations of section 470, Penal Code, in that he did ''forge, utter or pass'' four certain checks with intent to defraud.

The prosecution was commenced through filing of a complaint in the Municipal Court for the Ventura Judicial District, County of Ventura, charging petitioner with five separate violations of section 470 of the California Penal Code, forgery and uttering a forged instrument. At the preliminary hearing the district attorney introduced into evidence four

checks which had been forged, and called witnesses from the business establishments at which the forged checks had been passed. In each case the check was made out to Delbert Mulkey as payee, and three of the checks were endorsed in his name, but in only one instance was a witness able to remember the appellant as the person who had actually passed the check in question. Clarence Mulkey, brother of the appellant and his former employer, testified that the checks had been taken without his permission from a check book in his office. An expert witness called by the prosecution testified that in his opinion the face of the checks was not made out by the appellant but that the endorsements were undoubtedly his. Because of the lack of identification of the person or persons who passed three of the checks and because defendant had not forged the face of the checks, the magistrate determined that there was no sufficient cause to believe that Delbert Mulkey was guilty of counts II, III and IV, and held him to answer upon count I only.

The district attorney filed an information in the respondent superior court accusing the petitioner of four violations of section 470 of the Penal Code. Count I alleged the same offense as the first count of the complaint below and counts II, III and IV of the information alleged the same violations which were alleged in counts II, III and IV of the complaint upon which the magistrate refused to commit the appellant because of lack of probable cause. This proceeding, as above stated, is for a writ of prohibition commanding the respondent superior court to refrain from any further proceedings on counts II, III and IV of the information.

Section 739 of the Penal Code provides that, '' [w]hen a defendant has been examined and committed, as provided in section 872, it shall be the duty of the district attorney of the county in which the offense is triable to file in the superior court of that county within 15 days after the commitment, an information against the defendant which may charge the defendant with either the offense or offenses named in the order of commitment *or any offense or offenses shown by the evidence taken before the magistrate to have been committed.* ...'' (Emphasis added.) Taken in its broadest sense this section could be interpreted to mean that the district attorney may charge a defendant with any offense shown by the evidence at the preliminary examination to have been committed. This section cannot be read in a vacuum, but only

in connection with article I, section 8, of the California Constitution, which provides: "Offenses heretofore required to be prosecuted by indictment *shall be prosecuted by information, after examination and commitment by a magistrate,* or by indictment, with or without such examination and commitment, as may be prescribed by law." (Italics added.) Plainly this constitutional protection means that a defendant can be proceeded against by information only after there has been a preliminary examination and commitment order by a magistrate, but it does not mean that the district attorney must conform to the crimes designated by the magistrate in his commitment order. The question is how much deviation from the order is permissible.

In the leading case of *People* v. *Bird,* 212 Cal. 632, 636-639 [300 P. 23], the court held that a statute permitting the district attorney to prosecute a defendant for crimes shown by the evidence taken before the magistrate but not charged in the commitment order, did not violate section 8, article I, of the Constitution. In that case the magistrate had bound the defendant over for manslaughter and the district attorney filed an information charging murder. The court affirmed the conviction, saying: "The latter is included in the former and is one or the other, depending on the facts and circumstances attendant upon the killing. *One transaction only is involved.* Such is the situation in the present case." (Italics added.) (Pp. 644-645.)

In *People* v. *Wyatt,* 121 Cal.App. 180 [8 P.2d 901], the district court went beyond the scope of *People* v. *Bird,* and held that the district attorney could charge offenses unrelated and arising out of a different transaction from those for which the defendant was committed. The defendant was committed for three counts of grand theft and the information charged the three counts plus an additional five other counts of grand theft. Defendant was convicted of the seventh count, and the court said: "It is true that the crime here in question did not, as did that in *People* v. *Bird, supra,* arise out of the same transaction as those charged in the complaint or set forth in the commitment. It consisted of one of a series of alleged like offenses during a period of about two years, and was shown at the preliminary examination for the purpose of showing system and intent." (P. 185.) This holding was subsequently overruled in *Parks* v. *Superior Court,* 38 Cal.2d 609, 613 [241 P.2d 521], where the court discussed *People* v. *Wyatt, supra,* and said that "[t]he transaction

involved was one of several concerning which there was evidence at the preliminary hearing to show a common scheme or plan for the commission of a series of similar transactions within a period of two years. But there is nothing in the opinion *to show that these transactions were in any way related or connected.* Therefore language in that opinion which may be deemed inconsistent with the views herein expressed is disapproved.'' (Italics added.) The court summarized the effect of *People* v. *Bird, supra,* 212 Cal. 632, and concluded that ''[t]he court stated or plainly implied ... *that an information would be contrary to the Constitution if it designated a crime or crimes unrelated to or unconnected with the transaction which was the basis for the commitment order.* [Emphasis added.]

''The holding of the *Bird* case has been followed or applied in other cases in this court and in the District Courts of Appeal. [Citations].'' (P. 612.)

Thus the presently prevailing test laid down by the Supreme Court to determine validity of additional charges in the information is whether there is some ''transactional'' relationship which relates or connects the added charges and the crimes listed in the commitment order. (*People* v. *Evans,* 39 Cal.2d 242, 249 [246 P.2d 636]; *Parks* v. *Superior Court, supra,* 38 Cal.2d 609, 612; *People* v. *Bird, supra,* 212 Cal. 632, 645.) See also, *People* v. *Kellin,* 209 Cal.App.2d 574, 576 [25 Cal.Rptr. 925]; *People* v. *Warren,* 163 Cal.App.2d 136, 141 [328 P.2d 858]; *People* v. *Bowman,* 156 Cal.App.2d 784, 802 [320 P.2d 70]; *People* v. *Dean,* 158 Cal.App.2d 572, 575 [322 P.2d 929]; *People* v. *Azevedo,* 218 Cal.App.2d 483, 489 [32 Cal.Rptr. 748]; *People* v. *Horton,* 191 Cal.App.2d 592, 597 [13 Cal.Rptr. 33]. The court in *People* v. *Johnson,* 163 Cal.App. 2d 58, 61 [328 P.2d 809], quotes *People* v. *Branch,* 119 Cal. App.2d 490, 495-496 [260 P.2d 27], as follows: '' 'Under the rule of this section, as interpreted by the Supreme Court, a single criminal act, whether it gives rise to included offenses or not, can only be punished once. By this section, it is indispensable in order to impose separate punishments that there be evidence of separate and divisible acts that are not incidental to each other. In determining this question the courts have refused to dissect the evidence minutely in an attempt to find separate offenses, but, on the contrary, have held that a broad transactional approach should be made.' '' In *People* v. *Warren, supra,* 163 Cal.App.2d 136, 141, the court

held that "[i]t would appear that the only requirement is that the additional charge filed by the district attorney arises out of the same transaction as the one for which the accused is held to answer."

■ Although the magistrate specifically dismisses certain counts charged against the defendant in the preliminary hearing, the district attorney may subsequently add them to the information if related to or connected with the crime or crimes for which the defendant is committed by the magistrate. (*Parks* v. *Superior Court, supra,* 38 Cal.2d 609; *People* v. *Horton, supra,* 191 Cal.App.2d 592; *People* v. *Warren, supra,* 163 Cal.App.2d 136; *People* v. *Dean, supra,* 158 Cal. App.2d 572; *People* v. *Bowman, supra,* 156 Cal.App.2d 784.) In *Parks* the court said the district attorney may include "a related offense *although the magistrate concluded impliedly or otherwise that the evidence did not show probable cause that such offense had been committed.*" (Italics added.) (38 Cal.2d at pp. 613-614.)

The ultimate question to be determined is when is the requisite transactional relationship present such as will justify the added counts. In *People* v. *Evans, supra,* 39 Cal.2d 242, the defendant was bound over by the magistrate for violation of Penal Code section 288, lewd or lascivious acts with a child, and in the information the defendant was also charged with violation of section 288a, sex perversions. Both acts were committed upon the same person at the same time and the court considered this part of one transaction. In *People* v. *Warren, supra,* 163 Cal.App.2d 136, the defendant was committed for transporting and offering to sell a preparation of heroin, and the information charged, in addition, a count for selling a preparation of heroin. These were considered part of one transaction.

In *Parks* v. *Superior Court, supra,* 38 Cal.2d 609, the defendant was charged with one count of grand theft for obtaining a loan from a Mrs. Palmer on the basis of misrepresentations. The other grand theft count and a count for issuing a bad check were based on a contract with a lumber company from which the defendant obtained possession of lumber and then issued a bad check in payment. The magistrate dismissed the grand theft counts and bound defendant over on the bad check count. The district attorney filed an information charging all three counts. The Supreme Court concluded that since the magistrate had dismissed the defendant on the charge of grand theft from Mrs. Palmer there

was no "commitment" on this transaction and therefore that unrelated crime could not be included in the information. It was not contended that the Palmer charge related to the lumber transaction. But the grand theft of the lumber was related to the count for which the defendant was committed, passing the bad check, and the court noted that "the district attorney might include a related offense although the magistrate concluded impliedly or otherwise that the evidence did not show probable cause that such offense had been committed. The charges as to the theft of the lumber and the giving of a worthless check in payment thereof were related, arose out of the transaction which was the basis for the commitment and, depending on the evidence, could result in conviction on one charge or the other. The district attorney was therefore within his right to include the grand theft charge in the information if the necessary elements of that offense reasonably appeared from the evidence before the magistrate. Consequently as to this transaction the petitioner has not shown that he was not legally committed." (Pp. 613-614.) The court then determined that there was not sufficient cause shown by the evidence at the preliminary examination to charge the defendant with grand theft of the lumber; therefore the court issued a writ of prohibition against the superior court from taking any action on either of the grand theft charges.

In *People* v. *Downer*, 57 Cal.2d 800 [22 Cal.Rptr. 347, 372 P.2d 107], the defendant had entered his daughter's bedroom on a series of occasions and either raped or attempted to rape her. He was charged with and committed for forcible rape and incest. The information added an additional count of attempted incest, of which the defendant was convicted. The act constituting the attempted incest was committed 11 days after the completed acts of rape and incest had occurred, but the court concluded that "the count of attempted incest was *related to and connected with* the transaction which formed the basis of the commitment order. It was part of defendant's course of conduct which he had engaged in with his daughter over a long period of time; and there was sufficient evidence adduced at the preliminary examination, considering the proceedings as a whole, to permit the district attorney to add the count of attempted incest and to support the filing of the information." [Italics added.]

"There is no constitutional objection to the filing of an

information charging a different but related crime shown by the evidence taken before the magistrate bearing on the same transaction involved in the commitment order.'' (pp. 809-810.)

In *People* v. *Wyatt, supra,* 121 Cal.App. 180, there was a series of grand thefts, defendant was committed on three counts, and the information added an additional five counts. The court said that these additional grand theft charges did not arise out of the same transaction as the counts for which defendant was committed, but held that they could be added because of the ''showing of system and intent. ...'' (P. 185.) This was specifically disapproved in *Parks* v. *Superior Court, supra,* 38 Cal.2d 609, where the implied conclusion of the court was that ''system and intent'' are an insufficient connection to justify additional counts in the information; there must actually be some ''relation ... or connection.''

Obviously, this question of whether offenses charged are so related as to constitute a single transaction must be determined upon the basis of the evidence produced before the magistrate. A transcript of that hearing is before us and our problem is to decide whether the four forged checks passed to various merchants are more like the unrelated transactions involving grand theft in *People* v. *Wyatt, supra,* or more like the related transactions in *People* v. *Downer, supra,* which occurred over a period of time between the defendant father and his daughter. The Attorney General urges that there is an analogy between the instant case and *Downer,* contending that the checks were all stolen from Clarence Mulkey's company; they were all on the same bank, all made out to the order of defendant, and all, except one, endorsed by him. He argues: ''In summary, the evidence shows a course of conduct by which defendant secretly took the series of checks from the office of Clarence Mulkey, his brother and employer; had the faces of all the checks forged; wrote the endorsements, and passed the checks within a five-day period. All of the checks passed were related to and connected with the transaction involved in the commitment order, or to use petitioner's terms, all were part of a 'course of conduct.' '' Admittedly the circumstances do show a ''course of conduct,'' but this in itself is not a sufficient showing of a related or connected transaction justifying the added counts in the information. It is more analogous to a series of armed robberies in which the robbers use the same

mode of operation in each instance, thus evidencing a common "course of conduct," or a common scheme and intent.

In *Downer* there was continuous conduct of the defendant wherein he would go into his daughter's bedroom and either have sexual relations with her or attempt to have sexual relations with her. In that case the court upheld the additional count of attempted incest, holding, that "[t]he record discloses that the count of attempted incest *was related to and connected with* the transaction which formed the basis of the commitment order." (Emphasis added.) (57 Cal.2d 800, 809.) The court relied upon the fact that the additional charge involved one of a series of acts concerning the same defendant and the same victim. The *Downer* court also distinguished *Wyatt* by observing that there the evidence was offered "merely to show the common intent and scheme of the defendant Wyatt. That is distinguishable from the present situation, where there is a continued series of illicit relations between the same parties, defendant and the prosecutrix." (57 Cal.2d at p. 810.)

In the instant case there is evidence to warrant the inferences that petitioner had had all the stolen checks and that he was the person who stole them from Clarence Mulkey's office. But he is not charged with the theft of the checks. Nor is there any evidence to show that he is the person who forged the face of the checks; in fact the state's expert witness testified that petitioner was not the person who did that. All that is left is evidence that appellant was the person who knowingly uttered one of the forged checks and possibly the others. To allow the showing of a "course of conduct" to constitute sufficient relationship to permit the added counts would be a return to the discredited approach in *People* v. *Wyatt, supra*, 121 Cal.App. 180, and throw constitutional doubt on the procedure. (*Parks* v. *Superior Court, supra*, 38 Cal.2d 609.) The petitioner has been committed for passing the bad check involved in count I. He has not been committed for making or passing the checks in counts II, III or IV. The only connection or relationship between these checks and the check in count I is the fact that they were stolen from the same source and all made out to the appellant as payee. Other than that each individual utterance of the forged checks constitutes a separate and distinct offense. To allow the petitioner to be proceeded against on counts II, III or IV by information would be a prosecution by information without having a

commitment by a magistrate. This would be a violation of article I, section 8, of the California Constitution.

Let the peremptory writ issue as prayed.

Fox, P. J., and Herndon, J., concurred.

The petition of the respondent and of the real party in interest for a hearing by the Supreme Court was denied November 27, 1963. Traynor, J., was of the opinion that the petition should be granted.