[Civ. No. 63034. Second Dist., Div. Four. Sept. 30, 1981.]

EARL EDMOR CHISM, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Wilbur F. Littlefield, Public Defender, Dennis A. Fischer, Kenneth H. Green and Morton Borenstein, Deputy Public Defenders, for Petitioner.

John H. Larson, County Counsel, and Richard E. Townsend, Deputy County Counsel, for Respondent.

No appearance for Real Party in Interest.

OPINION

**KINGSLEY (Acting) P. J.**—This is a petition for writ of mandate by a defendant in a criminal action seeking to compel the superior court to return the action to the magistrate who presided at the preliminary examination for resumption of those proceedings and determination of the issue of probable cause after the superior court determined on a People's motion under Penal Code section 871.5 that the magistrate erroneously dismissed the action at the preliminary examination on other grounds before ruling as to probable cause.

The sole issue presented is whether respondent exceeded its authority under Penal Code section 871.5 when, after granting the People's motion, it proceeded to rule on the issue of probable cause on the basis of the preliminary transcript and ordered defendant immediately arraigned rather than returning the action to the magistrate who conducted the preliminary for resumption of those proceedings and a determination as to probable cause.

Penal Code section 871.5 compels the conclusion that respondent exceeded its authority.

On May 1, 1981, a felony complaint was filed charging petitioner and Kevin Esteen with murder in violation of Penal Code section 187. The complaint also alleged each defendant personally used a handgun in commission of the offense within the meaning of Penal Code sections 12022, subdivision (b) and 12022.5.

At the commencement of the joint preliminary examination on May 15, 1981, defendant filed a motion to dismiss the complaint as to him. The motion was based upon the ground that, although defendant and his car had been placed near the murder scene by witnesses and his fingerprints had been identified on a gun that the People contemplated as the murder weapon, the police and the People interviewed him without *Miranda* advisements and the People subpoenaed and called him as a witness at the preliminary examination in a prior prosecution of Esteen for the same murder. Defendant asserted his Fifth Amendment privilege after counsel was finally appointed for him, when he was a witness at the prior trial of Esteen. Defendant claimed these occurrences linked him to the murder.

The magistrate denied the motion without prejudice to renewal later in the preliminary hearing.

For present purposes, a detailed recitation of the evidence adduced at the preliminary is not necessary. It is sufficient to observe that the testimony relevant to the question of probable cause as to defendant was not without conflict. Five witnesses testified to hearing screams and a gunshot come from an enclosed parking area under an apartment building on Ardmore Street on the afternoon of March 20, 1980. Each witness saw a black male exit the front door of the building within minutes after the incident and enter a car which drove away. The witnesses disagreed as to whether or not there was a second man driving the car and, if so, whether he was the defendant or Esteen or either of the two men. They were in conflict as to the physical descriptions and clothing worn by the men. Neither of the two witnesses who were on the street in front of the building, and closest to the exiting man and the car, identified defendant as being at the scene. One of these, who bumped into the man who exited the building, could not identify either defendant or Esteen. The other, also in close proximity on the street, identified Esteen as the man exiting the building and driving the car away by himself. He was certain that defendant was not at the scene driving the car. He wrote down the car's license number. A third witness observed the scene from her second story apartment across the street and identified defendant as the man exiting the building but she could not identify the driver of the car. A fourth witness took photographs while observing the scene from her third story apartment across the street, approximately 75 feet away. She identified defendant as the driver wearing a purple shirt, but stated that certain unspecified persons in exhibit photos could have been the vehicle driver. (These photo exhibits were not transferred to respondent.) A fifth witness could not identify either defendant or Esteen. Oakes, the detective sergeant with the Los Angeles Police Department assigned to the homicide, testified that he located the defendant's car by the reported license number and found defendant and Esteen in a room together about one hour after the murder. A revolver was recovered, which had defendant's and Esteen's fingerprints on it, but which has not been linked to the murder. Both defendant's and Esteen's fingerprints were on the driver's side of defendant's car. Oakes had recommended that no charges be filed against defendant, but that Esteen be charged.

At the conclusion of testimony at the preliminary on May 18, 1981, the magistrate, Judge Vincent N. Erickson, granted petitioner's motion

to dismiss. Immediately thereafter the magistrate indicated his thinking on the issue of probable cause as to petitioner, stating: "I will add, in addition, that it is not necessary in the court's ruling, that the court would likely have reached the same result without regard to the consideration of the motion by the defense counsel." Defendant was discharged. Esteen was held to answer.

The People timely noticed a motion pursuant to Penal Code section 871.5 seeking review by respondent of the magistrate's dismissal. At the June 3, 1981, hearing on the motion, after reading the transcript of the preliminary exam, without any of the exhibits thereto, and hearing argument, Judge Leetham granted the People's motion. Judge Leetham stated:

"That in examining the actual transcript of the preliminary hearing examination it appears to this court, on the basis of the testimony adduced, that a reasonable Magistrate would or should have reached a conclusion that a public offense has been committed, and secondly, that there was ground for a strong suspicion that defendant Chism was involved to some extent with respect to the matter. [¶] The court, accordingly, under its authority of Penal Code section 871.5, will now direct that the defendant Chism be held to answer and that the defendant will now be arraigned in this court and will set a trial date of the 29th day of June, 1981."

The People began to address Judge Leetham: "... the statute [section 871.5] appears to say what the court has to do is order the Magistrate to reinstate the proceedings and hold the defendant to answer—" The Judge interjected, "I have held the defendant to answer, and I am not asking you to arraign him and take his plea because obviously I could send it back down to the Magistrate to accomplish and order him to appear in a particular department up here; and I am in full recognition of precisely what 872 and 873 of the Penal Code state. [¶] Now I am instructing you to arraign him and take his plea." Defendant's name was added to the information.

Defendant filed his petition with this court July 20, 1981. We issued an alternative writ July 30th, directed to respondent, specifying the alternative of vacating the order of June 3d, "purporting to determine that probable cause exists for arraignment of defendant in superior court, and make a new and different order in compliance with Penal Code section 871.5, compelling the magistrate to reinstate the com-

plaint and to resume proceedings thereon." The writ stayed all further superior court proceedings until further order of this court. Respondent issued an order on August 7, 1981, entitled "Order of Compliance With Alternative Writ of Mandate," stating that "the magistrate in Division 44 of the Municipal Court of the Los Angeles District is instructed to resume proceedings in the within cause, reinstate the complaint, hold the defendant to answer in the Superior Court for Los Angeles County, in department 115 thereof, and to set bail in the premises, . . . ." This order also purported to vacate the stay ordered by this court in the alternative writ and to direct resumption of proceedings in superior court.

It appears that Judge Erickson declined to preside at the "resumed" preliminary to carry out Judge Leetham's August 7th order because to do so would serve no purpose as he was allowed no discretion to rule on probable cause. Another magistrate complied with Judge Leetham's order. During the August 7th proceedings the People informed Judge Leetham that they agreed with defendant's position that Judge Erickson must be allowed discretion to rule as to probable cause.

Upon receipt of a copy of respondent's August 7th order, we issued an order of that same date vacating all proceedings occurring after the date of the alternative writ.

 In their return to our second order, the county counsel, appearing on behalf of Judge Leetham, contends:

(1) That, since under section 808 of the Penal Code, judges of the superior court are "magistrates," he need not have remanded the case to the municipal court judge who held the preliminary hearing, but could, as a "magistrate" resume that hearing before himself. We reject that contention. It is true that, for some purposes, all judicial officers, from Justices of the Peace through Justices of the Supreme Court, have the powers of a magistrate, but it seems clear that, as used in section 871.5, the Legislature used the term "magistrate" as referring to the judicial officer who had held the preliminary hearing in the case involved.

(2) That Judge Erickson's tentative statement that, even without a motion, he probably would have found no probable cause was "tantamount" to a formal ruling on that issue. That contention we also reject. It is clear that Judge Erickson ruled only on the due process contention based on petitioner's appearance in Esteen's case; he never made a definitive ruling on probable cause.

Penal Code section 871.5 provides, "If an action, or a portion thereof, is dismissed by a magistrate pursuant to sections 859b, 861, 871 or 1385, the prosecutor may make a motion, . . . in the superior court within 10 days after the dismissal to compel the magistrate to reinstate the complaint or a portion thereof and to reinstate the custodial status of the defendant under the same terms and conditions as when the defendant last appeared before the magistrate, on the ground that, as a matter of law, the magistrate erroneously dismissed the action or a portion thereof. . . .

"When a court has ordered the resumption of proceedings before the magistrate, the magistrate shall resume the proceedings within 10 days after the superior court has entered an order directing the reinstatement of the complaint, or a portion thereof, or within 10 days after the remittitur is filed in the superior court."

The only reasonable interpretation of this language is that upon granting of a motion under section 871.5, the superior court must return the action to the municipal court with directions that the complaint be reinstated in that court by the magistrate and that the magistrate is to resume the proceedings at the point they were previously terminated by dismissal. Nothing in section 871.5 suggests the superior court may, after finding the magistrate erroneously dismissed the complaint, conduct all remaining municipal court proceedings otherwise within the exclusive jurisdiction of the magistrate.

The statutory scheme of sections 859b, 871 and 872 of the Penal Code provides that "the magistrate" is to determine at a preliminary examination, "after hearing of proofs," whether a felony offense has or has not been committed and whether or not there is sufficient cause to believe the defendant guilty thereof. California Constitution, art. I, section 14 requires that "Felonies shall be prosecuted as provided by law, either by indictment or, after examination and commitment by a magistrate, by information."

It is implicit that "commitment by a magistrate" means by the discretion of the magistrate who presides at the preliminary. ■ "[A magistrate's] act of holding a defendant to answer a felony or a misdemeanor charge is a judicial act and involves an exercise of judicial discretion." (*Esteybar* v. *Municipal Court* (1971) 5 Cal.3d 119, 126 [95 Cal.Rptr. 524, 485 P.2d 1140].) "Moreover, it is clear that it is the responsibility of the committing magistrate to weigh the evidence, resolve

conflicts and give or withhold credence to particular witnesses. 'The credibility of witnesses at the preliminary examination, of course, is a question of fact within the province of the committing magistrate to determine, and neither the superior court nor an appellate court may substitute its judgment as to such question for that of the magistrate. [Citations.] The magistrate is not bound to believe even the uncontradicted testimony of a particular witness, . . .'" (*Jones* v. *Superior Court* (1971) 4 Cal.3d 660, 667 [94 Cal.Rptr. 289, 483 P.2d 1241].) Only after the magistrate has made a determination may the superior court intervene. But then every legitimate inference that may be drawn from the evidence supporting the magistrate's determination must be accepted in review of that determination. (*Rideout* v. *Superior Court* (1967) 67 Cal.2d 471, 474 [62 Cal.Rptr. 581, 432 P.2d 197].)

Neither does the legislative purpose of section 871.5 suggest any propriety in respondent's conduct. Section 871.5[1] was added to the Penal Code, effective January 1, 1981, to provide for review by the superior court of dismissals of criminal actions by magistrates under certain circumstances specified in sections 859b, 861, 871, and 1385, as concurrently amended.[2] These 1980 amendments were intended to overcome the holding of the Supreme Court in *People* v. *Peters* (1978) 21 Cal.3d 749 [147 Cal.Rptr. 646, 581 P.2d 651], which construed the former language of those sections as authorizing "courts" but not "magistrates" to dismiss actions. Conferring upon magistrates the authority to dismiss required enactment of a statute authorizing the prosecution to seek immediate superior court review of such dismissals to have the complaint reinstated so that successive dismissals by magistrates will not bar refiling under concurrently amended[3] Penal Code section 1387.[4]

While Penal Code section 871.5 provides for superior court review, upon a prosecutor's motion, of a dismissal by the magistrate under section 871 for lack of probable cause, such review is premature until the magistrate who has presided at the preliminary examination actually dismisses on that ground and the prosecution seeks superior court review. Here, there is no dispute that the magistrate's dismissal was on

---

[1]Statutes 1980, chapter 938, section 4.
[2]Statutes 1980, chapter 938, sections 1, 2, 3, and 7.
[3]Statutes 1980, chapter 938, section 8.
[4]See Legislative Council's Digest, Assembly Bill No. 2383 (Stats. 1980, ch. 938.)

the exclusive ground of the denial of defendant's Fifth and Sixth Amendment rights in the prior prosecution of Esteen, presumably pursuant to Penal Code section 1385.

Respondent's suggestion in its order of August 7th, that its conduct merely expedites defendant's commitment, is not persuasive. If the magistrate were eventually to dismiss the action for lack of probable cause, the prosecution may then properly seek superior court review of that dismissal under section 871.5. In addition to the fact Judge Leetham's ruling as to probable cause was premature, there is no certainty that under the procedure specified in section 871.5 Judge Leetham would be assigned to determine a future People's motion for review of the magistrate's dismissal for lack of probable cause.

Whether or not Judge Leetham purported to rule on the issue of probable cause by the appropriate standard of review, and irrespective of the correctness of that ruling, it is clear that such conduct was premature and exceeded the scope of the superior court's authority under Penal Code section 871.5.

Let a peremptory writ of mandate issue compelling respondent to vacate its orders of June 3, 1981, purporting to find probable cause to commit defendant, causing defendant to be arraigned, and directing further proceedings in respondent court and to order the magistrate who presided at the preliminary examination, Judge Vincent N. Erickson, to resume those proceedings at the point he dismissed the complaint on May 18, 1981, and exercise the discretion in those proceedings conferred to him by law. The stay ordered in the alternative writ is continued in effect until this opinion shall become final or respondent complies with its direction.

Woods, J., and McClosky, J., concurred.