[Crim. No. 23032. First Dist., Div. One. Apr. 20, 1982.]

THE PEOPLE, Plaintiff and Appellant, v.
GARY ANTHONY ENCERTI, Defendant and Respondent.

794

COUNSEL

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, Ronald E. Niver and Jóhn W. Runde, Deputy Attorneys General, for Plaintiff and Appellant.

Stanley & Wing and Christopher H. Wing for Defendant and Respondent.

OPINION

NEWSOM, J.—This is an appeal by the People from an order dismissing a charge of offering to sell heroin (Health & Saf. Code, § 11352; Pen. Code, § 1203.07) granted pursuant to Penal Code section 995.

Respondent was originally charged with five counts of sale of heroin (Health & Saf. Code, § 11352) and one count of offering to sell, but the latter charge and one sale count were dismissed by the magistrate after presentation of evidence at the preliminary examination. The prosecution thereafter realleged the offer to sell count VI in the information despite the magistrate's ruling. (Pen. Code, § 739.)

The evidence pertinent to this appeal offered at the preliminary hearing reveals the following.

On March 21, 1981, a state undercover narcotics agent, working jointly with the Vallejo Police Department, arranged a heroin purchase from respondent through an operative.[1] While the agent waited in his

---

[1]Only the facts necessary to resolution of the issues raised on appeal—those pertinent to the offer-to-sell charge (count VI)—are discussed here.

vehicle parked in a shopping center parking lot, the operative approached respondent's vehicle parked in the same lot, and subsequently purchased one gram of heroin. The agent observed the drug transaction from his vehicle and a nearby drug store.

As the operative was exiting respondent's vehicle, the agent approached and received the just-purchased bindle of heroin. The agent immediately asked if respondent could supply another gram, and respondent replied that he could. Thereupon, the agent purchased another gram of heroin directly from respondent for $325.

After the second purchase, the agent asked if respondent could sell him an ounce of heroin. Respondent answered, "I can do ounces but it will cost you nine thousand per ounce." The agent expressed interest, but declared that he might want to start with a lesser amount, such as a quarter or eighth of an ounce. Respondent replied, "That's okay with me." The agent was told that he could contact respondent through the operative to make the purchase, but no further arrangements were made.

The trial court ruled that recently enacted Penal Code section 871.5[2]—which grants the prosecution appeal rights from a magistrate's dismissal of charges—impliedly bars the prosecution from exercising its authority under section 739 to include a charge on an information for which the magistrate has found insufficient evidence to hold the defendant to answer. The People challenge that ruling.

Section 871.5 provides for review by the superior court of dismissals of charges or criminal actions by magistrates. (*Chism* v. *Superior Court* (1981) 123 Cal.App.3d 1053, 1061 [176 Cal.Rptr. 909].) In part pertinent to this appeal, it provides: "When an action, or a portion thereof, is dismissed by a magistrate pursuant to sections 859b, 861, 871 or 1385, the prosecutor may make a motion in the superior court within 10 days [after dismissal] to compel the magistrate to reinstate the complaint or a portion thereof . . . [on the] ground . . . that, as a matter of law, the magistrate erroneously dismissed the action or a portion thereof."

The trial court concluded that section 871.5 repealed section 739 by implication; it authorizes the prosecution to "charge the defendant with either the offense or offenses named in the order of commitment or *any*

---

[2]All statutory references are to the Penal Code unless otherwise indicated.

*offense or offenses shown by the evidence taken before the magistrate to have been committed.*"[3] (Italics added.)

Appellant claims section 871.5 should not be construed to repeal by implication the statutory rights expressed in section 739 to charge additional offenses in an information. According to appellant, the two statutes do not necessarily conflict. Appellant suggests that the appeal procedure provided by section 871.5 is *permissive*, not mandatory, and thus can be *elected* by the prosecution following dismissal of charges by a magistrate as an *alternative* to including such charges in an information. We agree.

The terms of a subsequently enacted specific statute prevail over a general provision which applies to the same situation. (*Serrano v. Priest* (1971) 5 Cal.3d 584, 596 [96 Cal.Rptr. 601, 487 P.2d 1241]; *County of Placer* v. *Aetna Cas. etc. Co.* (1958) 50 Cal.2d 182, 189 [323 P.2d 753].) As declared in *Palmer* v. *Agee* (1978) 87 Cal.App.3d 377, 383 [150 Cal.Rptr. 841]: "'A specific provision relating to a particular subject will govern in respect to that subject, as against a general provision, although the latter, standing alone, would be broad enough to include the subject to which the more particular provision relates.'" (See also *County of Placer, supra*, at p. 189.) And, where a subsequently enacted statute directly conflicts with an earlier, more general provision, it is settled that the subsequent legislation effects a limited repeal of the former statute to the extent that the two are irreconcilable. (*Governing Board* v. *Mann* (1977) 18 Cal.3d 819, 828 [135 Cal.Rptr. 526, 558 P.2d 1].)

However, repeals by implication are not favored. (*Governing Board* v. *Mann, supra*, 18 Cal.3d 819, 828; *Flores* v. *Workmen's Comp. Appeals Bd.* (1974) 11 Cal.3d 171, 176 [113 Cal.Rptr. 217, 520 P.2d 1033].) "They are recognized only where there is no rational basis for harmonizing the two potentially conflicting statutes [citation] and the statutes are 'irreconcilable, clearly repugnant, and so inconsistent that the two cannot have concurrent operation.'" (*In re White* (1969) 1 Cal.3d 207,

---

[3]Section 739 provides in full: "When a defendant has been examined and committed, as provided in Section 872, it shall be the duty of the district attorney of the county in which the offense is triable to file in the superior court of that county within 15 days after the commitment, an information against the defendant which may charge the defendant with either the offense or offenses named in the order of commitment *or any offense or offenses shown by the evidence taken before the magistrate to have been committed.* The information shall be in the name of the people of the State of California and subscribed by the district attorney." (Italics added.)

212 [81 Cal.Rptr. 780, 460 P.2d 980]; *People v. Grisso* (1980) 104 Cal.App.3d 380, 386 [163 Cal.Rptr. 547].) "[I]t is not to be presumed that the legislature in the enactment of statutes intends to overthrow long-established principles of law unless intention is made clearly to appear either by express declaration or by necessary implication." (*County of Los Angeles v. Frisbie* (1942) 19 Cal.2d 634, 644 [122 Cal.Rptr. 526]; *People v. Blackwell* (1981) 117 Cal.App.3d 372, 377 [172 Cal. Rptr. 636].) Instead, statutes covering the same subject matter are to be construed together and harmonized, if possible,. to maintain the integrity of both statutes. (*Hays v. Wood* (1979) 25 Cal.3d 772, 784 [160 Cal.Rptr. 102, 603 P.2d 19]; *Palmer v. Agee, supra*, 87 Cal.App.3d 377, 383.)

In our view, the two sections here at issue can easily be reconciled. Section 871.5 does not expressly modify, repeal or otherwise mention section 739. Nor is any inherent conflict or disharmony found in the statutes.

Section 871.5 merely creates a review procedure whereby the district attorney "*may* make a motion, . . . in the superior court" (italics added) to review the ruling of a magistrate dismissing an offense after a preliminary examination. Nowhere does section 871.5 direct that its review procedure *must* be employed following a magistrate's dismissal of charges. We feel that the statute is most appropriately construed as providing for a *permissive* method of review, not a mandatory procedure to be employed in lieu of the filing authorization granted by section 739.

Such an interpretation of section 871.5 is consistent with its purpose. The review procedure provided therein—along with amendments to companion statutes—was intended to overcome the holding of our high court in *People v. Peters* (1978) 21 Cal.3d 749 [147 Cal.Rptr. 646, 581 P.2d 651], which construed the language of sections 859b, 861, 871 and 1385 as authorizing "courts" but not "magistrates to dismiss actions." (*Landrum v. Superior Court*[4] (1981) 30 Cal.3d 1, 5-6, fn. 4 [177 Cal.

[4]"The legislative amendments made five related sets of changes in the Penal Code. First, sections 1384, 1385 and 1387, which had formerly authorized dismissals in certain situations by the 'court,' were amended to explicitly authorize such dismissals by a 'judge or magistrate.' (Stats. 1980, ch. 938, §§ 6-8, No. 7 West's Cal. Legis. Service, pp. 3193-3194; No. 5 Deering's Adv. Legis. Service, p. 402.) Second, the rule that two dismissals bar further prosecution on a felony charge was expanded to include dismissals pursuant to sections 859b, 861, 871 and 995, as well as sections 1381-1388. (*Id.*, § 8, at pp. 3193-3194.) Third, section 871, which formerly authorized the magistrate to 'discharge' a defendant after hearing proofs which are insufficient, was amended to au-

Rptr. 325, 634 P.2d 352]; *Chism v. Superior Court, supra*, 123 Cal. App.3d 1053, 1061; *Ervin* v. *Superior Court* (1981) 119 Cal.App.3d 78, 88-89, fn. 4 [173 Cal.Rptr. 208].) As explained in *Chism, supra*, at page 1061: "Conferring to magistrates the authority to dismiss required enactment of a statute authorizing the prosecution to seek immediate superior court review of such dismissals to have the complaint reinstated so that successive dismissals by magistrates will not bar refiling under concurrently amended Penal Code section 1387."

We find nothing in section 871.5 manifesting an intent to abolish the long-standing statutory (§ 739) right of the prosecution to add offenses to an information which are established by the evidence adduced at the preliminary examination. To the contrary, sections 871.5 and 739 can be fully reconciled by interpreting section 871.5 as permitting the prosecution to elect to either: (1) review a magistrate's dismissal of charges in superior court; or (2) include the dismissed charges in the information in accordance with section 739. The two statutes, when given such a reasonable construction, will coexist without conflict. We thus conclude that section 871.5 does not repeal section 739 by implication. (*Hays* v. *Wood, supra*, 25 Cal.3d 772, 784-785; *Dew* v. *Appleberry* (1979) 23 Cal.3d 630, 636 [153 Cal.Rptr. 219, 591 P.2d 509]; *People* v. *Blackwell, supra*, 117 Cal.App.3d 372, 377; *People* v. *Grisso, supra*, 104 Cal.App.3d 380, 386.)

■ It remains to determine whether inclusion of the offer to sell charge in the information was independently authorized here under the terms of section 739.[5]

---

thorize discharge of the defendant *and* dismissal of the complaint. (*Id.*, § 3, at p. 3192.) Fourth, the 10-day time limit of section 859b and the requirement in section 861 that a preliminary examination be held at one court session were both amended to compel the magistrate to dismiss the complaint and discharge the defendant if either section is violated, except in certain narrow situations. (*Id.*, §§ 1-2, at pp. 3191-3192.) The amendments to both sections provide that if the district attorney shows good cause, an in-custody defendant's preliminary hearing can be held outside the time limits—but the defendant must be released from custody on his own recognizance, unless he is charged with a capital case in which the proof is evident and the presumption great. (*Ibid.*) Finally, the amendments add a new section to the Penal Code, section 871.5 [the statute at issue here], providing a means by which the district attorney can appeal a magistrate's order to dismiss an action pursuant to sections 859b, 861, 871, or 1385. (*Id.*, § 4, at p. 3192.)"

[5]The trial court failed to reach this issue; its ruling was based solely upon the conclusion that the filing of additional charges pursuant to section 739 is, following the enactment of section 871.5, no longer authorized.

Section 739 specifically allows the district attorney to include in an information "the offense or offenses named in the order of commitment or any *offense or offenses shown by the evidence taken before the magistrate to have been committed.*" (Italics added.) In accordance with the statute, the prosecutor may charge any offense disclosed by the evidence at the preliminary examination which is related to the charge for which the defendant has been held to answer, even though the magistrate concluded, impliedly or otherwise, that the evidence did not show probable cause that such offense had been committed. (*Parks* v. *Superior Court* (1952) 38 Cal.2d 609, 613-614 [241 P.2d 521]; *People* v. *Eitzen* (1974) 43 Cal.App.3d 253, 260 [117 Cal.Rptr. 772].)

In *Jones* v. *Superior Court* (1971) 4 Cal.3d 660 [94 Cal.Rptr. 289, 483 P.2d 1241], our high court added the caveat that section 739 was not "intended to allow the district attorney to ignore the magistrate's findings of *fact* and charge the defendant with an offense or offenses which the magistrate has expressly found never took place." (*Id.*, at p. 666.) Thus, where credible evidence would support a finding of guilt of a chargeable offense, that offense may be added to the information despite the magistrate's ultimate legal conclusion to the contrary. (*Walker* v. *Superior Court* (1980) 107 Cal.App.3d 884, 889 [166 Cal. Rptr. 209]; *Dudley* v. *Superior Court* (1974) 36 Cal.App.3d 977, 983 [111 Cal.Rptr. 797].) But, if *factual findings* made by the magistrate are "'fatal to the asserted conclusion that a particular offense was committed,'" that offense may not be charged. (*Walker* v. *Superior Court, supra,* 107 Cal.App.3d at p. 889; *People* v. *Farley* (1971) 19 Cal.App. 3d 215, 221 [96 Cal.Rptr. 478].)[6]

Here, the record reveals that the magistrate accepted the evidence offered at the preliminary examination, and from it determined that "the conversation here as to what [respondent] could do [supply heroin for a given price per ounce] does not constitute an offer. . . ." In our view, the decision to dismiss the offer to sell charge was not based upon a

---

[6]Such a rule is predicated upon the purpose of the preliminary examination, which is to "determine whether there is sufficient or probable cause to believe the defendant guilty of a public offense." (*Walker* v. *Superior Court, supra,* 107 Cal.App.3d 884, 888; see also *People* v. *Uhlemann* (1973) 9 Cal.3d 662, 667 [108 Cal.Rptr. 657, 511 P.2d 609].) It also takes into account the adjudicatory function of the magistrate, whose duty it is to weigh the evidence, resolve any conflicts, determine the credibility of witnesses and make factual determinations which may not be disturbed where supported by the evidence. (*Jones* v. *Superior Court* (1971) 4 Cal.3d 660, 667 [94 Cal.Rptr. 289, 483 P.2d 1241]; *Walker* v. *Superior Court, supra,* 107 Cal.App.3d 884, 889; *Dudley* v. *Superior Court, supra,* 36 Cal.App.3d 977, 983.)

"factual finding" made by the magistrate as that term has been defined in *Jones* and its successor cases, and so the district attorney was free under section 739 to ignore the magistrate's *legal* conclusion by including the dismissed charge in the information. (*People* v. *Lipinski* (1976) 65 Cal.App.3d 566, 574 [135 Cal.Rptr. 451]; *People* v. *Eitzen, supra*, 43 Cal.App.3d 253, 260; *Dudley* v. *Superior Court, supra*, 36 Cal. App.3d 977, 985; *People* v. *Farley, supra*, 19 Cal.App.3d 215, 221.)

■ The remaining issue to be resolved is whether the evidence introduced at the preliminary examination furnished "sufficient cause" to believe that respondent committed the offense dismissed by the magistrate. (*People* v. *Eitzen, supra*, 43 Cal.App.3d 253, 261.)

■ The term "sufficient cause" is generally equated with "reasonable or probable cause," that is, such a state of facts as would lead a person of ordinary caution or prudence to believe and consciously entertain a strong suspicion of the guilt of the accused. (*Williams* v. *Superior Court* (1969) 71 Cal.2d 1144, 1147 [80 Cal.Rptr. 747, 81 Cal.Rptr. 761, 458 P.2d 987]; *Dudley* v. *Superior Court, supra*, 36 Cal.App.3d 977, 982.) "But a magistrate conducting a preliminary examination must be convinced of only such a state of facts as would lead a man of ordinary caution or prudence to believe, and conscientiously entertain a strong suspicion of the guilt of the accused. [Citations.] In other words, 'Evidence that will justify a prosecution need not be sufficient to support a conviction. . . . An information will not be set aside or a prosecution thereon prohibited if there is some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it. [Citations.]'" (*Taylor* v. *Superior Court* (1970) 3 Cal.3d 578, 582 [91 Cal.Rptr. 275, 477 P.2d 131]; see also *People* v. *Eitzen, supra*, 43 Cal.App.3d 253, 261; *People* v. *Dudley, supra*, 36 Cal.App.3d at pp. 982-983.)

■ The elements of the offense here in question—offering to sell heroin—are an offer to sell the drug with the specific intent to make a sale. (*People* v. *Jackson* (1963) 59 Cal.2d 468, 469-470 [30 Cal.Rptr. 329, 381 P.2d 1]; *People* v. *Innes* (1971) 16 Cal.App.3d 175, 178 [93 Cal.Rptr. 829].) The proscribed act is the making of the offer. (*People* v. *Daniels* (1975) 14 Cal.3d 857, 861 [122 Cal.Rptr. 872, 537 P.2d 1232].) But, the offense is complete when an offer is made with the accompanying requisite intent; neither delivery of the drug, an exchange of money, nor a direct, unequivocal act toward a sale are necessary ele-

ments of the offense. (*People* v. *Medina* (1972) 27 Cal.App.3d 473, 476 [103 Cal.Rptr. 721]; *People* v. *Reynolds* (1969) 276 Cal.App.2d 825, 828 [84 Cal.Rptr. 331].)

The initial inquiry, and the one most troublesome to the magistrate, is: did respondent make an offer to sell heroin by declaring, in response to the undercover officer's inquiry, that he could "do ounces"[7] for $9,000 per ounce? No further arrangements or details of the transaction were discussed, other than the officer's statement that he might want to purchase lesser amounts (one-fourth or one-eighth ounces).

Even so, we find respondent's declaration of willingness to provide an ounce of heroin at a prescribed price sufficient evidence of an offer, particularly when considered in light of the other sales made by respondent. While the sale itself was never consummated, and certain details —such as the time and place of the transaction—were left open, the essential terms were firmly stated. In addition, respondent clearly exhibited a readiness and ability to enter into the heroin transaction on the terms stated.

The point at which a noncriminal preliminary statement becomes a criminal offer to sell is, as the present case illustrates, not always easy to ascertain. However, *People* v. *Innes, supra*, 16 Cal.App.3d 175, provides an example which we find somewhat illuminating.

In *Innes*, in response to an undercover officer's inquiries the defendant asked if the officer wanted "to buy some mescaline." (*Id.*, at p. 177.) The officer replied "yeah" and asked the defendant "how much she could do [sell]." (*Ibid.*) Defendant said "she would have to check"; went into a nearby apartment; returned in about five minutes; removed a plastic bag from under her shirt and then, according to the officer's testimony, "She told me that she had 13 caps and I believe also she said they normally sold for $4.00 apiece and she was going to give me a break on the price." (*Ibid.*) The court concluded that the offer was made when defendant exhibited the Mescaline caps and quoted a price to the officer, but not before. (*Id.*, at p. 178.)

We acknowledge that the "offer" in *People* v. *Innes, supra*, 16 Cal. App.3d 175 was more readily identifiable as such, particularly because

---

[7]Agent Williams testified that in the vernacular of narcotics transactions the term "do ounces" meant respondent could "sell ounces of heroin."

of the immediate presence and exhibition of the drugs, than the statements made by respondent here. Nevertheless, dealing as we are with a mere threshold determination, we find sufficient evidence of an offer in respondent's positive assertion of his willingness and ability to sell the officer an ounce of heroin for a given price, in contrast to the noncommittal statements found insufficient in *Innes*. (See also *People v. Brown* (1960) 55 Cal.2d 64, 68-69 [9 Cal.Rptr. 816, 357 P.2d 1072]; *People v. Roeschlaub* (1971) 21 Cal.App.3d 874, 878-879 [98 Cal.Rptr. 888]; *People v. Reynolds, supra*, 276 Cal.App.2d 825, 828; *People v. Allen* (1967) 254 Cal.App.2d 597, 603 [62 Cal.Rptr. 235].) And, in our view, respondent's offer, when considered along with the evidence of additional heroin transactions in which he participated, furnishes "sufficient cause" to believe that respondent intended to supply the heroin so offered. (*People v. Brown, supra*; *People v. Allen, supra*.)

Accordingly, the judgment dismissing count VI of the information is reversed, and the case is remanded to the trial court.

Elkington, Acting P. J., and Levins, J.,* concurred.

Respondent's petition for a hearing by the Supreme Court was denied June 16, 1982. Bird, C. J., was of the opinion that the petition should be granted.

---

*Assigned by the Chairperson of the Judicial Council.