Filed 11/27/24  P. v. Valentine CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BRADLEY VALENTINE,<br><br>    Defendant and Appellant. | D082627<br><br><br><br>(Super. Ct. No. SCD295459) |

APPEAL from a judgment of the Superior Court of San Diego County, Steven E. Stone, Judge.  Reversed and remanded.

Aurora Elizabeth Bewicke, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski and Anastasia Sagorsky, Deputy Attorneys General, for Plaintiff and Respondent.

After the trial court granted the People's disputed motion to consolidate two matters, the People filed an amended information and a jury convicted Bradley Valentine of a misdemeanor count of exhibiting a deadly weapon

other than a firearm (Pen. Code, § 417, subd. (a)(1); count 2) but acquitted him of a felony count of assault with a deadly weapon (§ 245(a)(1); count 1). On appeal, Valentine contends his conviction must be reversed because the trial court violated Penal Code section 1009 in allowing the People to amend the information without holding a preliminary hearing on the misdemeanor count. Alternatively, he claims his trial counsel was constitutionally ineffective in failing to object to amendment on this ground. The People concede error but claim it was harmless.

While Valentine forfeited this claim for appellate review by failing to object to amendment on this specific ground in the trial court, because (1) the claim depends on undisputed facts and is largely a legal determination and (2) of Valentine's alternative claim for ineffective assistance of counsel, we exercise our discretion to reach the merits and agree with the weight of authority that error of this type requires reversal. We therefore reverse Valentine's conviction of count 2 and remand for further proceedings consistent with this opinion. Given our determination, we need not correct the inconsistent oral and written sentences imposed for count 2.

## I.

## A.

In September 2021, Valentine sought to use the restroom at a store, but the manager informed him it was closed. Outside the store door, he brandished what the manager described as a machete. Law enforcement called to the scene found a knife in Valentine's car.

In December 2021, the People filed a misdemeanor complaint charging Valentine with exhibiting a deadly weapon other than a firearm. In July 2022, Valentine accepted informal pre-plea diversion. The trial court vacated

the trial date and instead set a hearing to assess Valentine's compliance with the relevant terms.

## B.

Also in July 2022, after a verbal argument with a man holding a pair of scissors, Valentine struck the man with a golf club. The People filed a complaint charging Valentine with assault with a deadly weapon.

In August 2022, a preliminary hearing was held in the felony case. Finding probable cause, the trial court bound Valentine over on the felony charge.

## C.

The misdemeanor case was set to trail the felony case. The felony trial was set for January 11, 2023.

On January 9, the People moved to consolidate the misdemeanor and felony cases. Trial was postponed. Defense counsel objected to consolidation under section 954 because the cases were unrelated, of different classes, of different evidentiary strength, and lacked cross-admissible evidence.

On June 12—the day the postponed trial was to commence—after a hearing at which defense counsel repeated her objections, the court granted the People's motion. The following day, the misdemeanor case was dismissed; the amended, consolidated information was filed; and trial began. Defense counsel unsuccessfully renewed her objections to consolidating the two charges in the amended information.

The jury acquitted Valentine of the felony count but convicted him of the misdemeanor count. The court sentenced Valentine to 180 days in jail, time served.

## II.

The People concede the trial court erred as a matter of law when it consolidated the misdemeanor count with the felony count and permitted the filing of an amended information without holding a preliminary hearing on the misdemeanor. We accept their concession.

Under section 1009, "[a]n indictment or accusation cannot be amended so as to change the offense charged, *nor an information so as to charge an offense not shown by the evidence taken at the preliminary examination*." (Italics added.) The parties agree no preliminary examination was held on count 2, and no evidence of count 2 was taken at the preliminary examination on count 1. Accordingly, the trial court erred in allowing the consolidation and amendment.

The parties, however, disagree as to the error's implications, although they agree our review is de novo. (See e.g., *People v. Uribe* (2011) 199 Cal.App.4th 836, 857.)

Valentine acknowledges his trial counsel failed to specifically object to amending the information under section 1009 or to seek dismissal under section 995, which provides that an "information shall be set aside" upon the defendant's motion if "before the filing thereof the defendant had not been legally committed by a magistrate" or "the defendant had been committed without reasonable or probable cause." (§ 995(a)(2)(A)-(B).) Even so, he urges us to exercise our discretion to address his claim—which he contends is primarily, albeit not purely, a question of law—on the merits. Valentine claims the error is reversible per se. Alternatively, he argues it is reasonably likely the trial court would have denied consolidation or dismissed the misdemeanor count, which was a more favorable outcome. Should we decline

4

to address the merits of his claim due to forfeiture, Valentine argues his trial counsel provided ineffective assistance.

The People counter the error at issue is a pure question of law and thus not forfeited, so Valentine's ineffective assistance of counsel claim fails. They argue consolidation and amendment was harmless, as "the People would have moved to dismiss the felony complaint . . . and then refiled" a complaint alleging both counts, which would have led to a preliminary hearing and trial. Accordingly, "there is no reasonable probability" Valentine "would have obtained a more favorable result in the absence of the error."

We do not accept the People's concession on forfeiture, as courts have concluded trying a charge not subjected to a preliminary hearing is a forfeitable issue. (See e.g., *People v. Burnett* (1999) 71 Cal.App.4th 151, 179.) Yet we have "the discretionary power to entertain an objection first raised on appeal." (*People v. Scott* (2012) 203 Cal.App.4th 1303, 1311.) Doing so is particularly apt where, as here, resolving an unpreserved issue (1) involves applying the law to what the parties agree are undisputed facts and (2) averts a claim of ineffective assistance of counsel. (*People v. Yarbrough* (2008) 169 Cal.App.4th 303, 310.)

Exercising our discretion to reach the merits of Valentine's claim, we reverse his conviction. The weight of authority suggests where, as here, the erroneous amendment of the information resulted in the defendant's conviction of the erroneously added offense, prejudice is implicit and the appropriate remedy is reversal, with no harmless error analysis required. (*People v. Dominguez* (2008) 166 Cal.App.4th 858, 867-868.)

*Burnett* declared: "It is as a matter of law irrelevant whether a defendant is prejudiced by being prosecuted for an offense not shown by the evidence at the preliminary hearing." (*Burnett*, 71 Cal.App.4th at p. 177.)

5

"In stating that prejudice is irrelevant, the *Burnett* majority relied upon *People v. Winters* (1990) 221 Cal.App.3d 997, which, in turn, cited *People v. Bomar* (1925) 73 Cal.App.372." (*Dominguez*, 166 Cal.App.4th at p. 867 [cleaned up].) "In both *Winters* and *Bomar,* the information was improperly amended to add new charges and the defendants were convicted of the improperly added charges." (*Ibid*., citing *Bomar*, at p. 378; *Winters*, at p. 999.) "[P]rosecuting or convicting [a defendant] of an offense different from and not transactionally related to the one shown by the evidence at the preliminary hearing" is "clear[ly] illegal[ ]" (*Burnett*, at p. 178) and "unquestionably prejudicial" (*Dominguez*, at p. 868). As a result, the "[p]rejudice to the defendant resulting from the amendment to the information is obvious." (*People v. Kellin* (1962) 209 Cal.App.2d 574, 576.) We find this reasoning persuasive and follow it here.

At any rate, as Valentine notes, there is more than a reasonable probability "the trial court would have ruled in the defense's favor on the late considered motion to consolidate and/or dismissed the charge had counsel quickly asserted the section 995 and/or [section] 1009 grounds." Without the addition of count 2 to the information, Valentine could not have been convicted of that count in this case. As Valentine states: "Winning an opposition to a motion is a favorable outcome. The absence of a charge is a favorable outcome."

Although the People claim they would have simply sought to dismiss the felony complaint and filed a new complaint alleging both counts, this representation is made in an appellate brief rather than drawn from and supported by the record or presented by way of sworn declaration. We thus decline to consider this extra-record assertion.

The People further argue "[t]here is nothing in the record to suggest that the outcome in the preliminary hearing or trial in this scenario would be any different than the outcome as it actually played out." We are not convinced. When defense counsel renewed her objection to consolidation of the felony and misdemeanor matters, Valentine interjected: "We're not ready, your Honor. We're not ready to fight it, it's a new trial." Although Valentine had actual notice of count 2, that is irrelevant to the prejudice inquiry. (*People v. Graff* (2009) 170 Cal.App.4th 345, 363.) At the time amendment was sought, Valentine was on pre-plea diversion for count 2 and not anticipating imminent trial on a charge for which no probable cause had been found. As Valentine notes, amending the information on the eve of trial to include count 2 undeniably affected his ability to investigate and defend against the charge.

Ultimately, we refuse to speculate as to what may have happened had the erroneous consolidation and amendment never been granted, or after Valentine successfully blocked amendment of the information under section 1009 or obtained dismissal of count 2 by way of a section 995 motion—outcomes the People concede were "likely." Even assuming it is reasonably probable Valentine could have been convicted of count 2 in a consolidated trial had the error not occurred or had it been remedied, myriad other possibilities are also reasonably probable: the People may not have renewed their motion, and Valentine could have completed diversion on count 2 or been acquitted of the charge in a separate trial. We thus conclude, even if harmless error analysis is required, the record evidences the erroneous amendment prejudiced Valentine. Accordingly, we reverse Valentine's conviction of count 2.

III.

We reverse Valentine's conviction of exhibiting a deadly weapon other than a firearm (Pen. Code, § 417, subd. (a)(1); count 2) and remand this matter for further proceedings consistent with this opinion.  Because we reverse the conviction, we need not remedy the other conceded error in the sentencing minute order.


CASTILLO, J.

WE CONCUR:


IRION, Acting P. J.


KELETY, J.


8